Chief Justice Kobertson
delivered the Opinion of the Court.
Lightbuhn, as assignee of Johnson, sued Cooper, before a justice of the peace, upon a promissory note for' twenty five dollars ; and having failed in the country, appealed to the circuit court, where Cooper again succeeded
After proof had been introduced which tended to shew, that Johnson had sold Cooper a clock, at the price of twenty five dollars, and warranted it to be u a good time piece,” but that it was afterwards ascertain- *274 eel to be of but little, if any value, as a clock, and had been tendered by Cooper to Johnson, for the purpose of rescinding the contract, the court refused to instruct the jury, that “ if they believed that Johnson warranted the clock to be a good time piece, at the time of sale, and it was not a good time piece, as represented, and Cooper, in a reasonable time after said discovery, tendered it back to Johnson, they should find for the appellee ; ” or that, “ if they believed that the plaintiff made a false representation of the goodness of the clock, and that the defendant offered to return it in a reasonable time after the discovery, they must find for.the defendant.” But gave the following instruction: “If the jury find from-the evidence, that the clock, for which the note was given, was of no value at the time of salé, they will find for the appellee.” And verdict and judgment were rendered for the appellee, accordingly.
The warranty of any thing sold, as to quality (as that a clock is a good time piece) is no warranty of its value. — If there was no fraud, or concealment, the sale and delivery of the commodity (however worthless) is sufficient to uphold an obligation fo¥- the price.
Where a commodity was sold and warranted, and proves defective, when there was no fraud in the sale, nor right to return it reserved, a tender of it hack, if refused, does not rescind the contract.— The remedy is by suit on the warranty'.
If there was fraud in the sale of a commodity, tendering it back, in due time, rescinds the contract.
So also, where there was an agreement that it might, be returned; or where the seller receives it when tendered.
The instruction thus "given cannot be approved, as a proper exposition of the law applicable to the case.
First. There was no positive proof that the sale of the clock was the consideration of the note ; and that fact seems to be presupposed by the instruction.
Second. The fact that the clock was of no value-did not, per se, destroy the legal obligation of the note. There is no implied warranty of value. The purchaser took the clock as the seller held it. Its value was, of course, contingent. The prospect of value and of gain was the consideration, and was a.sufficient legal consideration, unless there had been fraudulent representation or concealment.
But, as the case must be remanded for a new trial, and the same questions which arose on the former trial, may recur, it may not be improper to notice also, the propositions which were overruled by the circuit court.
Unless there was fraud in the contract; or the privi-: lege of returning the clock had been reserved,when the, contract was made ; or the plaintiff had received it when| it was tendered, the tender did not operate as a rescission^ of the contract, although there was a warranty and a| breach of that warranty. As long as the contract remain-! *275 ed open anil’ unrescinded, by the acts of the parties, or by the operation of law, a suit upon it is the only remedy.
False representations -by the seller, relative to what the buy. er might examine’for himself, do not amount to a fraud, nor to a warranty. If the defects are such as could not be discovered, with ordinary care, false representations on those points, are fraudulent, and ground for rescission, by a return, or tender in due time.
If there had been fraud in the sale, a tender of the clock, within a reasonable time, would have rescinded the contract by operation of law.
Had the seller received the clock when tendered ; or had the buyer reserved the right to return it, if it was not a good one, the original contract would have been rescinded by the acts, or the contract, of both parties, and could not have been enforced by either of them. But a simple warranty and tender, even though there has been a breach of the warranty, cannot operate as a rescission.
■ Upon this point there are some contradictory dicta. But both principle and preponderating authority sustain the foregoing doctrines. They were so-settled by the supreme court of the United Slates, in the case of Thornton vs. Wynn, (12 Wheaton, 184,) after a careful survey and analysis of the authorities.
A false representation respecting a matter which the' buyer has an opportunity of ascertaining, by his own observation, or trial, before or at the time of the purchase, will not be deemed fraudulent of itself and alone, nor bind the seller. If the seller knew that the clock was not a good time piece, his false representation was fraudulent ; and then the tender of the clock would have operated as a rescission of the contract. But, without such knowledge, actual or presumed, the simple fact, that his representation was untrue, would not affect the legal obligation of the contract. Such a representation, made in good faith, does not amount even to a warranty; and wre have seen that the warranty and subsequent tender did not rescind the contract.
The circuit court was, therefore, right in overruling the second and third propositions.
Wherefore, for the erroneousness of the instruction which was given, the judgment must be reversed, and the cause remanded for a new trial.