Chief Justice Robertson
delivered the Opinion of the Court.
Warner’s executors sued the administratrix of Charles JScott Bledsoe, deceased, on a coyenant executed by him, in 1829, for the payment of twenty-five dollars, and for the delivery, at his own house, of fat hogs of the value pf thirty dollars, ten months after the date of the cove-Hunt.
The administratrix pleaded—in two pleas substantial-; ly the same—that the only consideration of the covenant was a sale of a clock by Warner to Bledsoe, by a parol contract, by which it was agreed that, if the clock should not be ascertained to be a good one, Bledsoe .might, by returning it at any time within two years, re.scind the agreement, and be entitled to a cancellation of his obligation for the money and hogs; and that the clock - - . ... , • , • .i was, m tact, worthless, and was,’ within the two years, tendered to Warner, according to the stipulations of the • ■ - ° r contract.
Demurrers to these pleas having been overruled, and ■ . r e’ ’ issues of fact having been made up by negative replicar tions, a verdict and judgment were rendered in bar of • . jo - ... the action.
The facts pleaded having been virtually proved on the trial, the only question we shall consider, is, whether there is any available error in the judgment on the demurrers to the pleas.
The facts averred in the pleas are sufficient to bar the action; for if, as alleged, the contract reserved the right of rescission by atender of the clock in the event of its not being a good one, the obligation to pay for it was *74 discharged by operation of law, and the agreement was rescinded, according to its terms, by a tender of the clock within thfe stipulated time, and by proof that it wad worthless. Lightburn vs. Cooper, 1 Dana, 273.
The only objection, therefore, which could have been urged t'o the pleas, was that, as the covenant for the payment of the price was unconditional, the covenantor was estopped from proving a parol condition. But we shall not now decide whether there might have been any such estoppel; for, were the affirmative conceded, still the judgment should not, on that ground alone, be now reversed—for two reasons: first—the declaration was insufficient, on demurrer: it does not aver that the covenantor was guilty of a breach of the covenant; it avers only that he had not performed his covenant in his life-lime, and does not even intimate, that he died after the-expiration of ten months succeeding the date of the' covenant; and consequently, as he was not hound to perform sooner than at the end of ten months, the single averment that he failed during his life, is altogether insufficient to show that there had been any breach of the covenant; and therefore, even if the pleas were insufficient, the judgment overruling the demurrers to them was proper. Second. By replying to the pleas, the demurrers were waived; and, as the replications did not rely on the alleged estoppel, that also was waived, ard the issues of fact were good and material. Burdet's Exor. vs. Burdet, 2 Marshall, 143.
Wherefore, it is considered that the judgment of thfe. Circuit Court be affirmed.