Cowen, J.
Regarding this case as one of simple warranty, without fraud, the measure of damages adopted at the trial was wrong. It should have been the difference between the value of the sixty barrels, at the time of the sale considered as good superfine fine flour, and the value of the inferior article sold. The purchaser is entitled to have the article made equal in quality to what the warranty assumed it to be. Such at least is the general rule in all actions upon a warranty of quality, though circumstances may exist which call for more. (Clare v. Maynard, 7 Carr, & Payne, 741; 6 Adol. & Ellis, 519, S. C. Ellis v. Chinnock, 7 Carr, & Payne, 169. Chesterman v. Lamb, 2 Adol. & Ellis, 129. McKenzie v. Hancock, Ry. & Mood. N. P. Rep. 436. West v. Anderson, 9 Conn. Rep. 107, 111.)
The circuit judge probably went upon the ground of rescission. Where, however, there is a warranty on a sale of goods without fraud, arid no stipulation in the contract that the goods may be returned, the vendee has no right to annul the contract without the consent of the vendor. The only remedy is by an action on the warranty. Such, after some fluctuation, appears to be the doctrine of Westminster Hall. {Street v. Blay, 2 Barn, dp Adol. 456.) In this case Lord Tenterden examined the question both on the nature of the contract, and the weight of authority; and on going through with his argument, it is difficult, and I think impossible to resist the conclusion to which he came. Of course he distinguishes between a sale, and an executory contract, in which latter case the goods may generally be returned as soon as they are found not to satisfy the contract, if the purchaser have done nothing in the meantime beyond what- is necessary to give them a fair trial. That case was followed by the court of exchequer in Gompertz v. Dent, (2 Crompt. dp Mees. 207 ;) and substantially by the K. B., in Patteshall v. Tranter, (3 Adol. dp Ellis, 103; 4 Nev. dp Mann. 649, S. C. See also Freeman v. Baker, 5 Carr. Payne, 475.) The question was also very ably examined by Washington, J. in Thornton v. *292 Wynn, (12 Wheat. 183, 189 to 193,) who came to the same result, in which he was sustained by the supreme court of the United States. This decision was acted on by the court of appeals in Kentucky, in Lightburn v. Cooper, (1 Dana, 273.) I am not aware of any case in this court which conflicts with those I have referred to. Had there been such an one, I presume it would have been cited on the argument; but none was cited. So far as I have observed, even where a" contraiy principle has been acted on, it seems to have been done rather out of deference to local custom operating an exception to the common law of England, than as impugning the correctness of the general rule. In Maryland, it is said to be the received doctrine of the state that the article may be returned and the contract rescinded, in case either of simple warranty broken, or fraud in the sale. The right of -rescission in the case of mere breach of warranty, is at the same time admitted not to exist elsewhere. (Franklin v. Long, 7 Gill & John. 407. 419.)
On a former argument of this cause before the Chief Justice and myself, in the absence of Mr. Justice Bronson, I supposed, and so expressed myself,-that the circuit judge had a right to assume, on the whole evidence, that a fraud had been established; and that nothing had transpired on the part of the plaintiffs, by way of delay or otherwise, which impaired their right to disavow the contract. The Chief Justice differed with me in" these two respects, which led to a re-argument before a full bench. He held, first, th«t the question of fraud, not explicitly appearing to have been raised at the trial, the cause should go down upon that point; and secondly, he doubted whether, even if the point had been made, and fraud found by the jury, the plaintiffs could legally rescind the sale in part—and he mentioned the following books to the latter point: 5 Bast, 449; 2 Younge & Jerv. 284 ; Long on Sales, 359. (a) *293 I have since examined them; and they certainly prove the general rule very clearly, that where one party is desirous of rescinding a contract by reason of the other’s default, he must do so in toto ; and ca'nnot hold on to any part. He must put the other in statu quo, by an entire surrender of possession, and of every thing he has obtained under the contract, or he cannot recover the consideration in an action for money had and received. But neither of the books cited relate to a fraudulent, and therefore a voidable sale. They take the common case of a fair sale, or an executory contract to sell either an entire thing, and a continuance in possession by the vendee, or several things at an entire price, the vendee retaining possession of part. Even in the case of a fair sale, the rule .is not universal. If it be of several articles at distinct prices for each, though entire in other respects, the action lies for the consideration paid for one article, the vendee retaining possession of the others. Such in principle was the case of Johnson v. Johnson, (3 B. & P. 162.) And on the authority of that, Morton, J. said, in Miner v. Bradley, (22 Pick. 460,) that if a man bid off at auction and pay for a cow and a quantity of hay, specifying distinct prices for each, and receive the cow, but the hay is used by the vendor, the vendee may rescind, and recover, in an action for money had and received, the price paid for the hay, still retaining the cow. But he and the court held otherwise in respect to an entire price bid and paid for both. In the case at bar, there was no difficulty in that particular; for the flour was sold at so much for each barrel—and when the fact of fraud is superadded, it makes a stronger case for these plaintiffs than the one supposed by Morton, J.
With deference, therefore, I still think that, in this view of the case, the plaintiffs were entitled to recover the consideration money paid for the several barrels which proved defective, with the interest, as allowed at the trial. I concede that if the plaintiffs shall appear, on a future trial, to have dealt in the flour with their eyes entirely open to the *294 fraud, the case may be varied. (Campbell v. Fleming, 1 Adol. & Ellis, 40.)
On the other point, upon farther examination, I agree with the Chief Justice that the question of fraud should, at least, have been mentioned at the circuit; and if left in any sort of doubt, as perhaps it was, on the evidence, should have been submitted to the jury. Fraud was essential to warrant the plaintiff in resorting to the count for money had and received ; and non con-stat but the measure of damages may have been adopted by the judge in respect to a breach of warranty only. In such a case, the title actually vesting in the vendee, and the property being delivered, I am not prepared to say, especially after the delay which here intervened, that the warrantor is at all events not entitled to a greater deduction from the purchase money paid, than the price of the deteriorated article at auction.
Nelson, Ch. J. was of the same opinion expressed by him on the former argument, viz. that though fraud in the sale should be shewn, the plaintiffs could not'rescind in part, and not having attempted to rescind in toto, were confined to their remedy upon the warranty; and of the like opinion was also Mr. Justice Bbonson. In other respects, they concurred in the views expressed by Mr. Justice Cowen.
New trial granted.

 See also per Morton, J. in Perley v. Balch, (23 Pick. 283, 286;) Conner v. Henderson, (15 Mass. R. 319;) and Coolidge v. Brigham, (1 Metcalf, 547 550 ;) Junkins v. Simpson, (2 Shepl. R. 364.)