SUMMER TERM, 1859.  119

Danville, Lancaster, and Nicholasville Turnpike Road Company vs. Stewart.

CASE 24—PETITION ORDINARY—JUNE 21.

# Danville, Lancaster, and Nicholasville Turnpike Road Company vs. Stewart.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. Where an answer was filed at the same time with the demurrer to the plaintiff's petition, the fact that the parties proceeded to trial without objection, and without noticing the demurrer, authorizes the inference that the demurrer was waived or overruled. Besides, the petition presented a substantial cause of action, and the failure to dispose of the demurrer, if it had been excepted to, would not avail for reversal.

2. After an order referring the cause to arbitrators by the B. circuit court in which the action was pending, the defendant applied for and obtained a change of venue to L. circuit, and in that court proceeded to trial without objection or raising any question as to the previous order of reference. *Held*—That in the absence of such objection taken at the proper time the presumption must be indulged that the reference was either set aside or abandoned by both parties; and it is too late for the party, after trial and judgment, to raise in the court of appeals for the first time the objection that the order of reference had not been disposed of.

3. The law requires a turnpike company to keep their road in order and free from obstructions, except such gates as will enable them to collect tolls, but which are to be so kept as not to endanger the safety of persons or vehicles traveling thereon; and this requisition of the law—which was intended for the safety and protection of the traveling public—must be complied with. If it is disregarded, and injury thereby results to individuals, the latter are entitled to compensation in damages. (*Angell & Ames on Corporations*, 220; *American Railway Cases, vol.* 1, 284; 9 *Barn. & Cress.*, 591.)

4. It is only where verdicts are palpably against the evidence, or obviously the result of passion or prejudice, that courts are permitted to interfere upon the ground that they are excessive or unauthorized by the evidence.

5. Where a pole used as a toll-gate upon a turnpike road was so insecurely fixed as to form an obstruction to the road, and a passenger traveling in the stage coach along the road had his thigh badly fractured by the upsetting of the coach in the night time, occasioned by the running of the horses and coach against the pole in consequence of the driver failing to see the obstruction, the court of appeals say that, in view of all the evidence, and the serious, if not irreparable injury done to plaintiff, they are unwilling to say that a verdict of $4,000 in his favor against the turnpike company is excessive or unauthorized by the facts, and refuse to disturb it.

6. That the driver may have been somewhat negligent in not lighting his lamps furnished no excuse to the turnpike company for failing to keep the gate securely fastened back. If the injury had resulted wholly from his negligence the company was not liable. But if injury were occasioned by the negligence of both, the fault of one is no excuse for that of the other; both, in that case, are liable to the party injured.

JAMES HARLAN, for appellants, cited *Sess. Acts* 1833–4, *page* 531, *sec.* 24.

F. T. Fox, on same side, cited 7 *B. Mon.*, 41–2–3 ; 12 *B. Mon.*, 250–1 ; *Story on Agency, top page* 408, *side* 321 ; 13 *B. Mon.*, 562–3 ; *Road Charter, Sess. Acts* 1833–4.

B. & J. MONROE, for appellee, cited 1 *vol. Railroad Cases,* 284 ; 2 *Ib.*, 330, *and authorities there referred to;* 4 *Barn. & Adolph.,* 590 ; 9 *Barn. & Cress.,* 591.

JUDGE STITES DELIVERED THE OPINION OF THE COURT :

This was an action brought by Stewart against the road company for damages resulting from an injury to the plaintiff, occasioned by the failure and neglect of the company to keep their toll-gate open, and properly fastened back, so as not to obstruct the road.

A trial was had in the court below, and resulted in a verdict and judgment for the plaintiff for $4,000 in damages, to reverse which the defendants have appealed.

Several grounds are relied on for reversal.

1. That the demurrer to the plaintiff's petition was not disposed of before the trial.

2. That the order referring the case to arbitrators had not been set aside.

3. That the court erred in granting and refusing instructions ; and

4. That the verdict is excessive, and unauthorized by the evidence.

The 1st and 2d objections may be briefly disposed of.

It seems that an answer was filed at the same time with the demurrer, and the fact that the parties proceeded to trial without objection, and without noticing the demurrer, authorizes the inference that the demurrer was waived, or overruled. The petition presents a substantial cause of action, and the failure to dispose of the demurrer, even had it been excepted to, would not avail for reversal.

So with the order of reference. It appears to have been intended to apply to two causes, and made whilst this cause was pending in the Boyle circuit court. What became of the other action does not appear. It seems, however, that, after the order of reference, appellants applied for and obtained a change of venue to Lincoln, and in that court proceeded to trial

without objection, or raising any question as to the previous order of reference. In the absence of such objection taken at the proper time, the presumption must be indulged that the reference was either set aside, or abandoned by both parties; and it is too late for a party, after trial and judgment in the court below, to raise the objection here for the first time that an order of reference had not been disposed of. It should have been made in the circuit court.

3. The evidence conduces to show the following facts:

That the appellee, who was at the time traveling in the stage coach along the company's road, had his thigh badly fractured by the upsetting of the coach; which upsetting was occasioned by the running of the horses and coach against a pole used as a gate by the company, and which was swinging diagonally several feet across the pike at the time, so much so as to obstruct the passage of vehicles along the road.

That the pole thus used was braced and suspended as a gate, so as to swing either up or down the road, or extend across it; that when not fastened back it extended several feet over the pike, and far enough to obstruct vehicles passing; that there was no latch or fixture by which it was securely kept back from the road, but that the only mode resorted to for that purpose was to prop it back by a loose plank or pole, which could, and was liable to, be knocked down, and did not serve to keep it safely in its proper place ; and that the accident occurred at night, in consequence of the driver's failing to see the pole thus obstructing the road.

Upon this state of fact the court instructed the jury, that "if they believed from the evidence that the toll-gate on defendants' pike was out of repair, and insecure, so much so as to render travel dangerous, and that from such insecure condition of the gate the accident complained of happened, whereby the plaintiff was injured, they should find for him such damages as he was reasonably entitled to for the injury thus sustained, including compensation for physicians' bills and attention, provided he employed physicians and required attention."

We are unable to perceive any valid objection to this instruction. It is too late, at this day, to question the liability of

private corporations for injuries sustained by individuals in consequence of their negligence, or of that of their employees, whilst engaged in their employment. They enjoy, it is true, many exemptions and privileges, but are not protected from liability to individuals for injuries occasioned by the negligence of their employees. The law requires appellants to keep their road in order and free from obstructions, except such gates as will enable them to collect tolls, but which are to be so kept as not to endanger the safety of persons or vehicles traveling thereon; and this requisition of the law, which was intended for the safety and protection of the traveling public, must be complied with. If it is disregarded, and injury thereby results to individuals, as was the case here, the latter are entitled to compensation in damages. (*Angell & Ames on Corporations*, 220; *American Railway Cases, vol.* 1, 284; 9 *Barn. & Cress.*, 591.)

Nor was there, in our opinion, any error in refusing instructions to appellants.

Whether the mode adopted by the gate-keeper to fasten the gate back was secure or not, was a matter of fact to be considered by the jury. And the fact that the driver may have been somewhat negligent in not lighting his lamps, furnished no excuse to the company for failing to keep the gate securely fastened. If, as is said in an instruction given at the instance of appellants, "the accident resulted wholly from the negligence of the driver of the coach, then appellants were not liable." But where an injury is occasioned by the negligence of two persons, the fault of one is no excuse for that of the other. Both, in that case, are liable to the party injured.

4. In view of all the evidence, and the serious, if not irreparable, injury done to appellee, we are unwilling to say that the verdict is excessive or unauthorized by the facts. It is only where verdicts are palpably against the evidence, or obviously the result of passion or prejudice, that courts are permitted to interfere upon the last ground relied on. This record, in our opinion, furnishes no such reason for disturbing the finding of the jury. The facts were fairly submitted, and the law applicable thereto properly expounded to the jury. The injury

was a grievous one, and for which the party injured was entitled to adequate compensation in damages.

Upon the whole case we are of opinion that no error, prejudicial to the substantial rights of the appellants, has been committed by the circuit court; and the judgment is therefore *affirmed*.