————, *for appellee.*

---

ELI MOORE AND OTHERS *v.* E. J. CLEVELAND'S ADM'R.

**Pleading—Demurrer—Waiver.**

A demurrer which was never disposed of must be regarded as having been waived.

**Deeds—Evidence—Testimony Contradicting Terms of Deed.**

The detail of conversations alleged to have occurred nearly thirty years prior to the examination of the witnesses can have but little weight in an attempt to destroy the plain and unmistakable language of a deed.

**Estoppel—Want of Consideration.**

Where a mother sold land held in common with her sons, and received the consideration therefor, and the only object in having a son sign the deed being to strengthen the warranty of title, the fact that the son was one of the grantors does not estop him from showing that he received no part of the consideration.

**Infants—Deed—Acquiescence.**

Where an infant joined in a deed with his mother simply in order to strengthen the warranty of title, and received no part of the consideration, his acquiescence therein long after the execution of the deed can not render him responsible.

APPEAL FROM WOODFORD CIRCUIT COURT.

March 27, 1873.

Opinion by Judge Pryor:

The answer and cross-petition of Cleveland's Adm'r, although it presented no cause of action at the time of the filing against the appellants, is cured by the amended answers filed by which the title to the land in controversy is conceded to be in Mrs. Ritchie, notwithstanding a conveyance of the absolute title by deed with a clause of general warranty by the appellants to Cleveland. The demurrer to the cross-petition was never disposed of, and must therefore be regarded as waived. The deed to Cleveland was made in the year 1844 and purports to be a conveyance of the fee simple to the land in controversy. The detail of conversations occurring nearly thirty years prior to the examination of the witnesses must have but little weight in the attempt to destroy the plain and unmistakable language of the deed; such testimony will scarcely be considered by the chancellor and in our opinion the proof conduces to show that the full value of the land was paid by Cleveland at the time of its purchase. As to Jesse Moore the judgment is erroneous. The evidence shows that he received no part of the consideration whatever for the land; that it was sold by the mother and the money received by her. The only object in having him to sign it was to strengthen the warranty of title. His being one of the grantors does not estop him

from showing that he received no part of the consideration. The evidence shows that at the time he signed this deed he was under age and that the sale was in fact a sale by the mother, and he was in no wise a beneficiary of the proceeds. His acquiescence, however, long after its execution, could not under such circumstances make him responsible. The statute provides that no action shall be brought to charge one upon a promise to pay a debt contracted during infancy, *or a ratification of a contract or promise made during infancy unless the same is in writing, etc.* This precludes any recovery as against Jesse Moore. As to the other appellants, the judgment for the recovery of the land was an eviction. The Clevelands or their heirs had the right after payment to hold under the appellee and therefore the fact that Cleveland or those claiming under him have not in fact been turned out of possession can not affect the rights of the parties.

The judgment, being joint, must be reversed as to all the appellants and the cross-petition dismissed as to Jesse Moore and a judgment rendered against the other appellants and for further proceedings consistent herewith.

*James, U. Turner, for appellants.*

*Peter, Wallace, for appellee.*