Caledonian Insurance Company v. Cooke.

CASE 70—PETITION ORDINARY—JUNE 11.

# Caledonian Insurance Company v. Cooke.

APPEAL FROM WARREN CIRCUIT COURT.

1. FIRE INSURANCE—WAIVER OF PROOFS OF LOSS.—An admission by. an insurance company of some liability on a policy issued by it, and an arbitration as to the value of the property destroyed, is a waiver of the proofs of loss.

2. FIRE INSURANCE—THREE-FOURTHS CLAUSE.—Under the provisions of the act of May 22, 1893, (section 700, of the Kentucky Statutes), an insurance company writing a policy for a certain sum,. and collecting the premiums on that sum, will be compelled to pay the full sum for which it issued the policy, and on which it received the premiums, although there may have been inserted in the policy a clause by which it agreed to pay only three-fourths of the value in case of loss.

WILKINS & BRADBURN FOR APPELLANT.

1. An award is a final and conclusive judgment as between the parties respecting the matters determined by it, and the plaintiff's recovery should have been on the award and not on the contract of insurance. Morse on Arbitration and Award, chap. 1, sec. 1, pp. 4, 34 and 36, chap. 18, p. 487.

2. If the arbitration is a nullity as claimed by appellee it certainly could not have operated as a waiver of proofs of loss.

3. Section 700, of the Kentucky Statutes, does not in any way change or alter what has been the common law bearing on contracts, and we must arrive at the intentions of the parties as seen in the paper containing the contract. The policy sued on is an "open" policy, and not one in which the value of the insured property is fixed by the parties. May on Insurance 2d Ed., secs. 30 and 31, p. 29; Lawson's Rights, Remedies and Practice, vol. 5, sec. 20 42, p. 3493; Hine & Nichols' Digest of Ins., Dec., p. 675; Logston v. Roberts, 3 Monroe, 256; Tevis v. Tevis,. 4 Monroe, 47; Aetna Ins. Co. v. Johnson, 11 Bush, 590.

EDWARD W. HINES OF COUNSEL ON SAME SIDE.

Caledonian Insurance Company v. Cooke.

McQUOWN & RODES FOR APPELLEE.

1. The admission of some liability by the company, and the agreement by it, to arbitrate as to the value of the property destroyed, and the arbitration thereunder, operate as a waiver of the proofs of loss. Springfield Fire & Marine Ins. Co. v. Heaverin, 9 Ky. Law Rept., 407; Ins. Co. of N. Amer. v. Farwood, &c., 13 Ky. Law Rept., p. 262; Wood on Fire Ins., sec. 419, p. 726; Kenton Ins. Co. v. Wigginton, 11 Ky. Law Rept., 451; Bishop on Contracts, secs. 419, 432 and 469; Harris v. Phoenix Ins. Co. of Brooklyn, 52 N. W. Rept., 129; Commercial Ins. Co. v. Meyer, 29 S. W. Rept., 93; 53 N. W. Rept., 138; Home Fire Ins. Co. v. Bean, 60 N. W. Rept., 907; Carroll v. Girard Fire Ins. Co., 13 Pacific Rept., 864; 5 Bush, 657.

2. The "Follis" law (section 700, of the Kentucky Statutes), is valid, and its intention was to make what ordinarily is known as an "open" policy, a "fixed" policy. Queen Ins. Co. v. Leslie, 24 N. W. Rept., 1072 and 1073; 54 N. W. Rept., 857; 29 S. W. Rept., 93; Seyk v. Millers' National Ins. Co., 3 Lawyer's Rept., Annotated, 527; Phillips v. Pope's heirs, 10 B. M., 172; Church of Holy Trinity v. U. S., (L. C. P. Ed.), 143 U. S., 229; Volume House Journal, 1891-92, p. 1035.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought in the Warren Circuit Court by the appellee, Cooke, on a policy of fire insurance.

In his petition is alleged the issual of the policy, and that the property covered was destroyed by fire within the limit of the policy, giving dates; that it was a total loss; that after the fire he notified the agent of the company in writing of the loss; that the defendant company investigated the circumstances of the fire and admitted its liability, and averred that this admission was a waiver of the necessary proofs required by the policy, and that, therefore, no formal proofs were rendered. There is also filed the original policy of insurance, which is the usual standard policy, and is for $700.

There was a general demurrer filed to the petition on

May 2, 1895, but was never acted upon, and on May 5, 1895, appellant, defendant below, filed answer, in which there is no denial of the issual of the policy and its regularity, or the fact of the fire and loss. In fact the answer admits a liability and agrees to pay $505.66, and alleges that it was willing and offered to pay plaintiff this amount on February 25, 1895, which was thirty days before this suit was filed. Defendant, in its answer, denies that the property at the date of the fire was worth $1,000, as alleged, but says that it was at that time worth only $674.22, and that the said insurance company, by a clause in its policy, is, and was, only liable for three-fourths of the actual cash value of the property at the date of the fire.

The answer pleads further that, on the 25th day of February, 1895, the plaintiff agreed with an agent of the defendant, in writing, to submit to arbitrators then selected the value of the property at the date of the fire, and in that agreement, which is filed, it is stipulated that the rule to be used by the arbitrators in estimating the value of the house was to be, first, they would estimate what it would cost to rebuild one identical with this, and then to estimate the deterioration by age and wear, and deduct this amount from the cost of the new building, but it is not contended that the amount so fixed by the arbitrators was to be the amount the company was to pay the insured by no means, for it is specially plead that the company was not, and did not, agree to pay this sum so fixed by the arbitrators. The arbitrators fixed the value of new house at $864.38, and that by that time it had depreciated $190.16, and that, therefore, the house when burned was worth $674.22. Defendant denied a waiver to demand

proper proofs of loss, while it also admitted its willingness and offer to pay three-fourths of that appraised value; denied that plaintiff had furnished the statement of the nearest justice of the peace; that he had investigated the facts of the fire, and he believed it to be free from fraud, etc. Defendant also plead that by the terms of the policy it had sixty days after proofs of loss were furnished in which it could pay without suit, and that proofs of loss were furnished on the 4th day of March, 1895, and the suit was filed 26th day of March, 1895, and that, therefore, it was prematurely brought.

To this answer there was a motion to strike out all that part, designating it, that plead that defendant was only bound to pay three-fourths of the actual cash value of the property at the time of the fire, because the same presented no defense, which motion the court sustained, and then plaintiff filed a general demurrer to the answer as it remained, which the court also sustained. Defendant refusing to plead further, the court rendered judgment for the full face of the policy, $700, and defendant superseded that judgment, and has appealed to this court.

Counsel for appellant in his brief does not complain of any ruling of the court on his demurrer to the petition, and the record fails to show any action by the court below, and so that must be considered as waived.

The real questions in the case are whether there was a waiver of proofs by the company, and as to the extent of the liability, i. e., whether it is bound to pay the face of the policy, $700, or only three-fourths of the actual cash value of the house at the time of the loss, for if the latter, on demurrer

it must be taken as true that the appraisement correctly fixes that value.

This court has held, in the case of Kenton Ins. Co. v. Wigginton, 89 Ky., 330, that "the preliminary proof of loss will be excused on the ground of waiver by the insurers if their conduct is such as to induce delay, or to render its production useless or unavailing, or as to induce in the mind of the insured a belief that no proof will be required," quoting May on Insurance, 468. Following that doctrine this court has repeatedly held that a denial of liability is a waiver of proof of loss, if made on any other grounds than to furnish such proof. In this case the insurer (appellant) by its answer admits its liability as to some amount and pleads an arbitration as to value, which it pleads to be absolute and binding on the question of valuation. If a denial of liability will waive proof of loss, it certainly seems to us that an admission of some liability and an arbitration as to value will waive proof of loss, for a much stronger reason. So we conclude that, after sustaining the motion to strike out, the answer then presented no defense. So the question vital to the decision of this case is whether under the law an insurance company, writing a policy for a certain sum and collecting premiums on that sum, and also inserting a clause agreeing to pay only three-fourths of the value in case of loss, can, in case of total loss, rely on the three-fourths clause, or will it be compelled to pay the full sum for which it issued its policy, and on which it received premiums? The circuit court evidently took the view that it must pay the face of the policy. If that is correct, this judgment must be affirmed; if error, then a reversal necessarily follows.

Caledonian Insurance Company v. Cooke.

By the act of the Kentucky legislature of May 22, 1893, known as the "Follis bill" it is among other things provided, "that insurance companies that take fire and storm risks on real property in this Commonwealth shall, on all policies issued after this act takes effect (in case of total loss thereof by fire or storm), be liable for the full estimated value of the property insured, as the value thereof is fixed in the face of the policy; and in cases of partial loss of the property insured, the liability of the company shall not exceed the actual loss of the party insured: Provided, That the estimated value of the property insured may be diminished to the extent of any depreciation in the value of the property occurring between the dates of the policy and the loss: And provided further, That the insured shall be liable for any fraud he may practice in fixing the value of the property, if the company be misled thereby."

Counsel for appellant insists that this has always been the law, and simply means that when the parties absolutely agree on the amount to be paid in case of loss, or, in other words, when a valued policy is written that then there is no question of value or amount to be paid by the insurer, and quotes at some length definitions given by writers of what a valued policy is.

The history of this legislation is that, at the time this act was passed by the legislature, there was another bill before it, providing, among other things, "that insurance companies that take fire or storm risks on real property in this Commonwealth, in settling their liability on policies issued after this act takes effect (in case of total loss thereof by fire or storm), shall, when the cash value of the property insured is adjusted

(27)

at a sum less than the amount on which premiums have been paid, refund to the assured the pro rata of said premiums paid on the difference between the amount on which premiums have been paid and the cash value of the property at the time of the fire as ascertained by the adjustment" (House Journal of 1891-92, page 1035). This was offered as a substitute to the "Follis bill," but was voted down and the "Follis bill" became and is the law. It is perfectly evident that the legislature intended to remedy the evil of overvaluation in insurance, and in doing so followed the example of many other States of the Union by making the insurer responsible for overvaluation, and to do this the remedy was and is to compel the insurer to pay the full amount (in case of total loss) for which they write their policy, and on which the premium is calculated and collected, subject only to be diminished by any deterioration in value between the dates of the policy and the loss, and providing further for relief for fraud on the part of the insured, where the insurer is deceived thereby. In other words, the law says to insurance companies, if you want to pay only a fair price for property that may be destroyed, you must adjust that matter before the policy is issued, and if you fail so to do, you will be the loser, as the law fixes the amount you are to pay by the amount you collect premium on, subject to deteriorations in value after the date of the policy. As to whether this is right we do not say. It is the law, and, if recognized and obeyed in spirit, would no doubt remedy a great and growing evil in the country. From what we have said it is manifest that we are of opinion that the appellant was bound to pay the appellee the full face of his policy, as the case is pre-

sented. As to the arbitration alleged, there was nothing to arbitrate. In fact, conceding that the property was only worth $674.22 at the date of the fire, this will not affect the result as the policy fixed the amount to be paid at $700, regardless of its value.

Therefore, the judgment of the circuit court is in all things affirmed, and appellee is awarded damages by reason of the supersedeas.