## Bates et al. v. Hanks et al.

(Decided Dec. 6, 1935.)

(As Modified on Denial of Rehearing Feb. 28, 1936.)

T. E. MOORE, Jr., and D. G. BOLEYN for appellants.

H. H. SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from a judgment in a suit for partition of land, entered upon what it recites was a default on the part of the defendants.

### What Was Done.

November 17, 1932, appellees, whom we shall refer to as plaintiffs, filed a petition for the partition of a tract of land supposed to contain 350 acres, of which they alleged one-ninth belonged to plaintiff Alice Hanks, as a daughter of the intestate, Wm. Pigman, Sr., and one-ninth to the plaintiffs Monroe Amburgey and Virgie Young, as the only children of Jane Amburgey, who was a daughter of Wm. Pigman, Sr.

On the third day of the next term of the court (March 8, 1933), the parties named as defendants in the petition filed a general demurrer to it which should have been sustained but has never been acted on.

On that same day the named defendants filed a motion to require plaintiffs to fill the blanks in their petition, which motion the court sustained, but with which plaintiffs never complied.

Without another thing being done, the plaintiffs, on the third day of the following July term, moved that the cause be submitted for judgment. On October 4th, the cause was submitted, and on October 7th, judgment for partition was entered, it being recited therein that the defendants had been duly summoned and had failed to answer or make defense. The demurrer to the petition and the order to fill the blanks were then pending.

### The Demurrer.

The plaintiffs, now appellees, insist this demurrer was waived, and cite the following cases in support of their contention. Marcum v. Melton, 231 Ky. 244, 21 S. W. (2d) 291, at page 295; Caledonian Ins. Co. v. Cooke, 101 Ky. 412, 41 S. W. 279, 19 Ky. Law Rep. 651; Klenekole Mining Co. v. Lusk et al., 245 Ky. 73, 53 S. W. (2d) 168; Moore v. Cleveland's Adm'r, 6 Ky. Op. 588. The first case cited does not touch the question. The second case does, but the second one shows the defendant waived his demurrer by filing an answer, which is also true of the other two. By pleading without insisting on his demurrer, a litigant may waive it. Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207; Ken-

tucky, etc., Mutual Ins. Co. v. Southard, 47 Ky. (8 B. Mon.) 634; Warner's Ex'rs v. Bledsoe's Adm'r, 34 Ky. (4 Dana) 73. But to waive his demurrer a litigant must do something. He does not waive it by doing nothing more than the defendants did here, which was to file it and insist upon it. They cannot be said to have waived it, and to enter a judgment while it was pending was in direct violation of section 367a-3 of the Civil Code of Practice.

At a special term of the court held on December 3, 1933, the named defendants, after notice to plaintiffs, moved the court to set aside this judgment, which motion the court overruled and granted those defendants an appeal to this court. That appeal was never prosecuted. On the contrary, the named defendants superseded the judgment and there was on July 9, 1935, filed in the office of the clerk of this court a certified copy of the record, together with a statement of appeal, in which it is stated the judgment may be found on pages 14 and 15, whereat we find the judgment of October 7, 1933. See section 739 and subsection 12 of section 499, and section 734 of the Civil Code of Practice.

### The Final Order.

The appellees earnestly insist an order of partition is not a final order, and they rely upon the opinion in Salyer v. Arnett, 62 S. W. 1031, 23 Ky. Law Rep 321.

A bare order of partition is not a final order, but such orders are rare. Usually they are parts of such an order which fix and adjudge the extent of the interests of parties, and where an order of partition is so drawn as to definitely fix the aliquot part, a partitioner is to receive it is final. See Talbott v. Todd, 7 J. J. Marsh. (30 Ky.) 456; Banton v. Campbell's Heirs, 2 Dana (32 Ky.) 421; Beatty v. Beatty's Adm'r, 5 S. W. 771, 10 Ky. Law Rep. 72; Duke v. Allen, 198 Ky. 368, 248 S. W. 894; Blackburn v. Blackburn, 200 Ky. 310, 254 S. W. 915, and Alexander v. Tipton, 218 Ky. 666, 291 S. W. 1019.

The judgment appealed from definitely fixed the share of Alice Hanks at one-ninth and adjudged Monroe Amburgey and Virgie Young entitled to one-ninth between them. That adjudication of the extent of their

interest in this property was final. That order exhausted the power of the court so far as fixing the aliquot part of this land to be allotted to the plaintiffs is concerned, and if partition had been made under it, the only permissible exceptions would be that the allotment to plaintiffs gave them more or less than one ninth. Hence this order was final and from it an appeal may be prosecuted.

### What Should Have Been Done.

This petition is governed by section 499 of the Civil Code of Practice, and the petition is defective in the following particulars:

All we can learn from this petition is that the plaintiff owns by inheritance from her father one-tenth of this land, and unless Sabrina Pigman died without issue that is all she owns. Sabrina perhaps left no issue; if so, that should be alleged.

If she left no issue, then Alice Hanks now owns one-tenth which she inherited from her father plus one-ninth of one-tenth inherited from Sabrina, or a total of one-ninth of the farm, and in like manner Monroe Amburgey and Virgie Young own one-ninth between them.

Who owns the other seven-ninths of Sabrina's one-tenth? The answer to that depends upon whether Sabrina's death occurred before the conveyances to Polly or later, and this petition is defective in failing to allege when Sabrina's death occurred.

(a) The statement of the names of those having an interest in the land is defective. Here it is:

"That the defendants, Booton Bates, Beckham Bates, Eliza Collins, and Uriah Bates are claiming and have possession of portions of said land by an alleged inheritance from their father, and the defendants, Grant Honeycutt, Cannie Hall and Ira Collins, are as plaintiffs believes and charges, claiming portions of same and possession thereof under attempted purchase from other heirs of the deceased, Robert Bates."

Plaintiffs acquired title to certain aliquot parts of the land involved, through the operation of sections

1393 and 1401, Ky. Stats., but they seek, in this proceeding, title to a particular part. That they will get from the parties to this proceeding, therefore it behooves plaintiffs to have before the court all their cotenants, and to show such cotenants have title

(b) They fail to state the amount of the interest of the defendants they do name.

(c) They fail to file copies of the deeds by which Henry Polly acquired his interest in the premises or parted with them.

(d) They fail to file a copy of the deed by which Robert Bates acquired his interest in the premises.

(e) They fail to show when Robert Bates died, fail to file a copy of his will if he left one, or to state who are his heirs if he died intestate.

(f) They fail to file copies of the deeds by which Grant Honeycutt, Cannie Hall, and Ira Collins acquired their interests and do not show what their interest may be.

(g) They fail to show when Jane Amburgey died, or whether she left a husband her surviving.

(h) Two of the plaintiffs are females, they are not described by their maiden names, yet their husbands are not made parties or accounted for, and the same is true of one of the defendants, and perhaps of others, it being impossible from their given names to tell whether they are male or female.

(i) It is alleged Sabrina Pigman died intestate when she was nineteen years of age, but there is no allegation as to whether she was ever married, or left issue or when she died. It is important that this information be supplied so that the court can therefrom determine who inherited her property, and what has become of it. See section 1401, Ky. Stats. It is of special importance that it be known if this death occurred before Henry Polly bought from certain of the Pigmans.

(j) This petition should show if any of the defendants are infants, persons of unsound mind, or married women.

(k) In other words, this petition should be amended by filling the divers blanks therein and supplying the other information indicated so that the court may know and may say in its judgment just who are interested in the ownership of this tract of land and what aliquot part each one owns and the court should direct the commissioners to divide and allot to each of the parties the proper aliquot part of the whole, which the court must fix and the commissioners should be directed to meet on a day certain so that the parties interested may be present, if they so desire. For the information of the parties, they are advised Knott county was established by an Act approved May 5, 1884, see page 103, vol. 1, Acts 1883—84, chap. 1313. Jurisdiction to partition land is in the county wherein the land lies. Section 499, Civ. Code Prac.; 47 C. J. p. 361, sec. 220. Plaintiffs are relying upon title derived from Wm. Pigman, Sr., who had a possessory title, so they allege, and they will never find a better time or place to establish that by a little evidence than right here and now in this record.

(1) Every one having an interest in this land should be made a party and be brought before the court, otherwise the partition will be invalid. Burchett v. Clark, 162 Ky. 586, 172 S. W. 1048; 47 C. J. p. 365, sec. 231.

The judgment is reversed, the court will set it aside, require the amendment of the pleadings as indicated, have all necessary parties brought before the court, and allow the matter to proceed regularly.