## Baker v. Robinson et al.

(Decided May 3, 1933.)

E. C. HYDEN for appellant.

A. H. PATTON for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

John Robinson and Bessie Robinson instituted an equitable action in the Breathitt circuit court on the 30th day of September, 1936, against R. A. Collier, sheriff of Breathitt county, Ky., seeking an injunction restraining him as sheriff from selling their land under and by virtue of an execution No. 1063 placed in his hands for collection and in favor of Floyd H. Baker, the judgment creditor, for the sums of $3,075, with interest from the 12th day of July, 1921, and $3,375, with interest from the 29th day of July, 1921, until paid, less certain credits, which are unnecessary to set out, which execution had been levied by the sheriff upon two tracts of land owned by the Robinsons, which were fully set out and described in their petition, on the grounds: (1) That the execution was void because before it was issued it is alleged that the judgment on which the execution was based had been fully paid and satisfied; (2) because the lands levied upon were exempt from levy and sale to them as a homestead as provided by section 1702, Kentucky Statutes; and (3) because since the rendition of the judgment against John and Bessie Robinson, he (John Robinson) had filed his petition in bankruptcy in the United States Federal District Court

of Kentucky, and had listed in his petition the judgment on which the execution was issued in favor of Floyd H. Baker as one of the creditors, and that he (Baker) was a party to the bankruptcy proceeding and which judgment had been turned over to the trustee in bankruptcy, and that his petition was fully heard and determined and the said Robinson was adjudged bankrupt and his debts, including the judgment of Floyd H. Baker, were wiped out and extinguished by the judgment, and that the judgment in bankruptcy was a full and complete bar and estoppel of the levy and sale under the execution of their lands. Based upon the allegation in their petition, the sale of their lands were temporarily restrained and enjoined from being sold by the sheriff. Floyd H. Baker, the judgment creditor, who was not a party to the action, received notice that the sale had been enjoined. He then filed his intervening petition asking to be made party defendant because he was the real party in interest and asking that he be substituted for the defendant, R. A. Collier, sheriff, which petition was ordered filed by the court and the order of substitution entered. In addition to his petition to be made a party, he filed a demurrer to the petition of the Robinsons as a whole; also, to the allegations wherein the Robinsons claimed the land to be exempt under the homestead exemption statute; and to that part of the petition that claimed exoneration by reason of the bankruptcy proceedings. These demurrers were never passed upon by the court. After the pleadings were fully made up on submission of the case, a judgment was rendered by the chancellor perpetually enjoining and restraining the defendant from selling the lands levied upon under the execution, and it was further adjudged that John Robinson had been duly adjudged a bankrupt and that the claim of Floyd H. Baker was heard and fully settled in the bankruptcy proceedings and that said judgment had been settled by the bankruptcy proceedings. It was also adjudged that Bessie Robinson, the wife of John Robinson, had no interest in the lands levied upon, except the sum of $75 that she had paid upon the lands out of her own money before the creation of the debt claimed by Floyd H. Baker and that the plea of homestead exemption was sustained. From that judgment, Floyd H. Baker appeals.

Counsel for appellant strenuously and with much

vigor and a degree of logic insists that the demurrers to the pleas of a homestead exemption, and of adjudication of bankruptcy as alleged in appellees' petition, were defective and for that reason the demurrers should have been sustained. However, if his contention be correct which we do not decide, the trial court failed to rule upon either of the demurrers; nor did appellant insist on the court doing so until after the judgment in the case had been rendered. Therefore, the demurrers were waived.

In the case of Danville, Lancaster & Nicholasville Turnpike Road Co. v. Stewart, 2 Metc, 119, 59 Ky. 119, we said:

> "It seems that an answer was filed at the same time with the demurrer, and the fact that the parties proceeded to trial without objection, and without noticing the demurrer, authorizes the inference that the demurrer was waived, or overruled."

The aforesaid rule we have constantly and consistently followed. See Caledonian Ins. Co. v. Cooke, 101 Ky. 412, 41 S. W. 279, 19 Ky. Law Rep. 651; Wilson et al. v. Shepherd, 244 Ky. 225, 50 S. W. (2d) 540; Klenekole Mining Co. et al. v. Lusk et al., 245 Ky. 73, 53 S. W. (2d) 168; Bates et al. v. Hanks et al., 262 Ky. 556, 90 S. W. (2d) 743; and many other cases that could be cited. Therefore, we cannot do more than to say, if any error was committed by the court by not passing upon the demurrers, this court, under the state of the record, has no power to correct the mistake. The record shows that the judgment was rendered on the 19th day of the March term of the court; that on the 24th day of the same term of court, appellant tendered and offered to file in open court a motion requesting the court to pass upon the demurrer, but that motion was never acted upon, no doubt because the judgment had already been rendered and entered, for it is shown by the record that the judgment was entered on the 19th day of the term, several days prior to the offer to file his motion. We find no motion nor request in the record that appellant asked the court to set aside the judgment that had been rendered. Consequently, we are of the opinion that the motion to have the demurrer passed upon at that time came too late.

It is also contended that on the state of the pleadings the burden of proof was on appellees because the

affirmative allegations of their petition had been pleaded to and denied, thereby making a complete issue, which issue imposed the burden of proof upon appellees. It is insisted that no proof was heard by the court establishing appellees' cause of action or in overcoming the burden of proof cast upon them.

On this point, we are confronted with the judgment of the court set out in the transcript. After leaving off the style of the case, the judgment is in part as follows:

> "This cause being submitted to the court upon the pleadings, exhibits and proof and the court being advised is of the opinion and therefore adjudges that the injunction sued out herein be made perpetual; that the property levied on under execution issued from the Perry circuit court styled Floyd H. Baker, etc., v. John Robinson, etc., is exempt from execution, distress or levy."

From the plain terms of the judgment, this court must conclude that evidence was heard. We find no bill of exceptions containing the evidence in the record. In the absence of a bill of exceptions, this court is unable to say that the conclusion of facts were not sustained by the evidence. Daniel's Ex'r v. Compton, et al., 151 Ky. 714, 152 S. W. 753. It is in the judgment that the evidence, together with exhibits, was considered by the court. We can only modify or reverse a judgment on the errors appearing in the record. Section 514, Civil Code of Practice. From that condition of the record, there is nothing for this court to do except to approve the judgment. We presume that the evidence and exhibits considered by the court were sufficient to support the judgment because, as already stated, it is grounded upon the proof and exhibits, that the issues joined in the pleadings were adjudicated. The judgment is conclusive.

Wherefore, the judgment is affirmed.