# Griffin v. Williams.

May 30, 1947.

J. S. Forester, Judge.

G. E. Reams for appellant.

Astor Hogg for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

J. H. Griffin has moved this court to grant him an appeal from a judgment of $300 Hubert Williams obtained against him. He asks a reversal of the judgment because: (1) The court erred in overruling a general demurrer to the petition; (2) he was entitled to a directed verdict; (3) the instructions are erroneous. We have reached the conclusion that the first ground is well taken, hence it will not be necessary to consider or discuss the other two.

On Nov. 28, 1944, Griffin sold to Williams a truck for $800 and it developed thereafter that this was $62.92 above the ceiling price fixed by the Office of Price Administration (hereinafter referred to as OPA). Neither party knew at the time of the transaction that the sale

exceeded the ceiling price but it later developed that it did, and on Dec. 26, 1944, Griffin gave his check to the proper OPA official for the $62.92 excess Williams had paid him, thereby complying with the Emergency Price Control Act, see 50 U. S. C. A. Appendix sec. 925(e). There was some delay in getting the truck transferred to the purchaser and in his obtaining gasoline coupons due to the fact that the vehicle had been sold above the ceiling price, which delay Williams insists amounted to 30 days and he filed this action to recover for loss of net profits during this interim.

The petition filed on March 20, 1945, averred that Griffin sold appellee the truck for $800 which was above the OPA ceiling price, although plaintiff did not know he was paying in excess of the ceiling price; that he bought the truck to operate for hire and he could have earned $25 per day with it; that due to the fact appellant sold him the truck above the ceiling price he was unable for 30 days to use it because of his failure to obtain from the OPA a permit to operate the truck and gas coupons enabling him to run it, and he was thereby damaged $25 per day for 30 days, or $750.

At the May term, on May 8, 1945, Griffin filed a general demurrer to the petition and on the same day he filed answer, which was a general denial. Nothing further appears to have been done in the case until the August 1946 term, when on August 21st, an amended answer was filed pleading the provisions of the Emergency Price Control Act and averring that Griffin had complied therewith by paying the proper OPA official $62.92 for having violated it, and further pleading that this payment bars Williams' right of recovery under this Act. The following day, Aug. 22d, the court overruled the demurrer to the petition.

In answer to appellant's argument that his payment to OPA of the $62.92 overcharge before appellee instituted this action bars his right of recovery against appellant under the Emergency Price Control Act, 50 U. S. C. A. Appendix, sec. 925(e), appellee says that this action was not brought under that Act, but was filed under the Uniform Sales Act, KRS 361.150, on appellant's implied warranty that appellee could obtain from OPA a permit to operate the truck, also gasoline coupons for

it from that authority. Therefore, we are presented with the question of whether or not the petition states a cause of action on an implied warranty.

There can be no doubt that the seller knew that the purchaser was buying the truck to operate; also, that it could not be operated without a permit and without gasoline; but assuredly there was no implied warranty on the part of the seller that the purchaser could obtain an operating permit and gas with which to run the truck. The operator's permit and the gas coupons had no direct connection with the sale of the truck, albeit they were indispensable to its operation.

It would not be far fetched to compare the sale of this truck to the sale of a mule. There is an implied warranty that the truck will run in a reasonably satisfactory manner and that the mule will work in like manner. But certainly it could not be said that the seller impliedly warrants that the purchaser of the mule could obtain a permit to drive it to a dray on the city streets or buy hay and corn with which to feed the animal.

Under KRS 361.150 when the seller knows the purpose for which the purchaser buys the article, there is an implied warranty that it shall be reasonably fit for that purpose, which is but declaratory of the common-law rule existing prior to the passage of the statute. Louisville Grinding & Machine Co. v. Southern Oil & Tar Co., 230 Ky. 39, 18 S. W. 2d 877; McNabb v. Central Kentucky Natural Gas Co., 272 Ky. 112, 113 S. W. 2d 470. By no stretch of the imagination can it be said that such a warranty when applied to a truck could be so extended as to guarantee to the purchaser that he would be able to obtain a permit and gasoline for its operation.

Appellee insists that appellant waived his demurrer to the petition by filing answer at the same time he filed the demurrer. It is true that one may waive a demurrer to a petition by filing answer and going to trial without insisting upon the demurrer. Bates v. Hanks, 262 Ky. 556, 90 S. W. 2d 743; Baker v. Robinson, 273 Ky. 410, 116 S. W. 2d 958. The Baker opinion quotes from Danville, L. & N. Turnpike Road Co. v. Stewart, 59 Ky. 119, to the effect that where an answer is filed at the same time a demurrer is filed, and the parties proceed to trial without objection and without noticing the demurrer,

the inference is that the demurrer is waived. In the case at bar the demurrer was not waived by filing answer because the court ruled upon the demurrer. Had the court not passed on the demurrer, and had the parties gone to trial in that state of the pleadings, under the authorities cited in this paragraph, the demurrer would have been waived.

As the petition failed to state a cause of action, the motion for an appeal is granted and the judgment is reversed with directions that the trial judge sustain the demurrer to the petition.