## Potter v. Quillen.

February 25, 1949.

R. H. Riggs for appellant.

James D. Atkinson for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This action was brought by appellee to quiet title to a part of a tract of land allegedly owned by him and to enjoin appellant from trespassing thereon. Appellant, by answer and amended answer, claimed title to this land both by deed and adverse possession. The Chancellor entered judgment for appellee.

Appellant contends her general demurrer to plaintiff's petition should have been sustained because appellee did not allege he had possession of the property, although he did allege "he was entitled to possession." Appellant's demurrer was filed after her answer but before the amended answer and it was never passed

on by the Court. The parties took proof and the case was submitted for judgment. Since appellant did not obtain a ruling on her demurrer but instead proceeded to trial, she will be deemed to have waived it. Danville, Lancaster & Nicholasville Turnpike Road Company v. Stewart, 2 Metc. 119, 59 Ky. 119; Griffin v. Williams, 305 Ky. 18, 202 S.W.2d 744. If appellee's petition was defective in this respect, it was cured by appellant's pleadings and the proof. Davis et al. v. Daniel et al., 295 Ky. 717, 175 S.W.2d 501.

Appellant's other contention is that the judgment is contrary to the law and evidence. The tract in dispute comprises 13 acres and the principal controversy involves the correct location of a "Lind tree," which is called for in the deeds of both parties. The true line separating the tracts is the northern boundary of appellant's property and the southern boundary of appellee's. No "Lind tree" is now in existence which could constitute the correct corner, but each party contends for a different location where this monument was in the past.

Appellant acquired title to her land in 1926, but she had lived on it since 1907, the title having been in her husband from that date until 1923, when as a result of a court order it was conveyed to appellant's grantor. Appellee inherited his land from his grandfather in 1923, at which time he was an infant. He reached his majority in 1942.

There is substantial evidence the description in appellant's deed does not include the disputed land. Her deed calls for 8 1/3 acres, whereas the parcel in controversy contains 13 acres. A number of witnesses, including the county surveyor, testified to the correctness of the location of the corner as claimed by appellee. Considering the boundary calls of the adjoining property, their explanation is reasonable. If the location as contended for by appellant is taken as correct, her dwelling house would not be included by the boundaries called for in her deed. These factors indicate her claimed location of the "Lind tree" is incorrect.

There is a direct conflict in the evidence as to the duration of appellant's adverse possession. If the possession upon which appellant's claim is based had begun

prior to the vesting of title in appellee, his infancy would not interrupt the running of the statute. Ross et al. v. Richardson, 173 Ky. 255, 190 S.W. 1087. Here the Chancellor found, upon substantial proof, that appellant had not been in adverse possession of the disputed tract prior to 1926. Appellee's title had vested prior to that date and ownership by adverse posession begun during infancy could not be acquired during his minority. Elkhorn Coal Corporation v. Tackett et al., 261 Ky. 795, 88 S.W.2d 943.

Where the evidence is conflicting, as it is in this case, and there is substantial evidence to support the finding of the Chancellor, it will not be disturbed.

The judgment is affirmed.