### WHITTAKER v. COMBS et al.

Court of Appeals of Kentucky.

Dec. 12, 1952.

D. G. Boleyn, Hazard, for appellant.

Barney W. Baker, W. E. Faulkner and Don A. Ward, Hazard, for appellees.

CLAY, Commissioner.

On May 8, 1950, appellant, with others, brought this suit for a division of lands between the heirs of Squire Whittaker and his wife. Among the defendants were a nonresident, two infants over the age of 14 years, and one infant under the age of 14 years. A warning order was issued for the nonresident, and apparently summons was issued against the two older infant defendants. Eight days later appellant moved for the appointment of commissioners. That same day the court appointed the commissioners, and in the order directed how the land should be divided.

On June 15, the commissioners filed their report. Thereafter "attorneys for defendants" filed exceptions, as did also one of the plaintiffs other than appellant. The court sustained some of the exceptions and ordered the commissioners to make a supplemental report. Thereafter appellant filed exceptions to that report.

On September 30, one of the plaintiffs moved to set aside all of the orders because necessary parties had not been served

with process. On that day the court overruled the exceptions of appellant and other plaintiffs and granted an appeal.

This is one of the most confusing records we have had the duty to consider. Apparently the parties, and particularly appellant, were impatient with the orderly procedures prescribed by the Code and undertook to effect a division without properly protecting the rights of the infants and the nonresident defendant. Strangely the premature orders and judgment resulted from proceedings taken by appellant. He is the one who now brings the case here, contending that all of the steps taken were void.

The significant orders in the action were entered before the infants over 14 had been served with summons and before the report of the warning order attorney had been filed. The record fails to show that the statutory guardian of the infant under 14 was either served with summons or entered his appearance. In addition, it appears that summons was not served upon the defendants 10 days before the commencement of the term in which orders were entered, as required by Civil Code of Practice, Section 499, subsection 3.

■ Clearly the judgment was void as to the infants and the nonresident defendant. In a proceeding for the division of land, a proper judgment cannot be entered unless all of the necessary parties are before the court. The impossibility of making a binding decree under such circumstances makes the judgment ineffective in its entirety, since a valid partition may not be had unless the court has jurisdiction of all of the tenants in common. See Burch-

ett v. Clark, 162 Ky. 586, 172 S.W. 1048. See also 68 C.J.S., Partition, § 73.

■ Since both appellant and appellees jointly and affirmatively participated in the course of proceedings which were clearly invalid, the circuit court should divide the costs between the parties as it deems proper.

The judgment is reversed.