In re PROCEEDINGS BEFORE the FEDERAL GRAND JURY FOR the DISTRICT OF NEVADA.

UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph CONFORTE and Sally Conforte, Defendants-Appellants.

No. 79–4276.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1981.

Decided April 23, 1981.

Stanley H. Brown, Reno, Nev., on brief; Harvey D. Tack, Hochman, Salkin & De-Roy, Beverly Hills, Cal., argued, for defendants-appellants.

Gilbert E. Andrews, Dept. of Justice, Washington, D.C., on brief; William A. Whitledge, Atty., Dept. of Justice, Washington, D.C., argued, for plaintiff-appellee.

Before WALLACE and POOLE, Circuit Judges, and SMITH,* District Judge.

POOLE, Circuit Judge:

Joseph and Sally Confronte appeal an order of the United States District Court for the District of Nevada permitting disclosure to the Internal Revenue Service of evidence produced before a federal grand jury during its investigation of them.

On April 5, 1977, a federal grand jury returned a ten-count indictment against the

---

* Honorable Russell E. Smith, Senior United States District Judge, for the District of Montana, sitting by designation.

1. The Confortes have "standing" as that term is comprehended in discussions based on Article III of the Constitution. Release of the transcripts may have injured the Confortes in the Tax Court proceedings. Future use of the materials by the Internal Revenue Service poses additional danger of substantial injury in the

---

Confortes. The indictment charged that they had attempted to evade payment of federal withholding taxes by misrepresenting the amount of the wages paid to some employees and by failing to file employer's quarterly federal tax returns. Each was convicted on four counts; their convictions were upheld on appeal to this court. *United States v. Conforte*, 624 F.2d 869 (9th Cir. 1980).

On March 21, 1979, the United States Attorney for the District of Nevada filed an ex parte motion in the district court requesting disclosure to the Internal Revenue Service of the evidence produced before the grand jury that indicted the Confortes. In an order entered that day, the district court directed that "all transcripts of all witnesses and all documents, records and exhibits" that were submitted to the grand jury "be made available and disclosed to the Internal Revenue Service and its attorneys for use, including disclosure for discovery purposes and in conjunction with any Court proceeding, in connection with pending civil litigation before the United States Tax Court, ... collecting civil tax liabilities, and in making any additional civil determinations where required by law."

Without seeking to intervene before the district court or to petition that court for any sort of relief from the order, the Confortes filed notice of appeal from the order on March 26, 1979. They now seek reversal of the district court's disclosure order and ask that the matter be remanded to the district court. Their appeal raises issues of mootness and finality, and of when disclosure to government agencies is appropriate. We decline to discuss these issues because we conclude that the Confortes do not have standing to appeal.[1]

---

form of new lawsuits. In addition, the interest they assert is legally protected under the case law concerning grand jury secrecy: one of the interests promoted by secrecy is protection of the accused from disclosure of accusations made before the grand jury of which he is innocent or upon which no indictment was returned. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.8, 99 S.Ct. 1667, 1672, n.8, 60 L.Ed.2d 156 (1979). We here use the term "standing" as it is often used to refer to

■ The general rule is well settled: persons who were not parties of record before the district court may not appeal that court's order or judgment except in extraordinary circumstances. *Securities Exchange Commission v. Lincoln Thrift Association,* 577 F.2d 600, 602 (9th Cir. 1978); *Coffey v. Whirlpool Corp.,* 591 F.2d 618, 619 (10th Cir. 1979); *Moten v. Bricklayers, Masons and Plasterers International Union,* 543 F.2d 224, 227 (D.C.Cir.1976). Courts have taken a case-by-case approach to the determination whether an appellant may proceed if he was not a party before the court from whose order he appeals. However, in nearly every case where such an appeal was allowed to proceed, two elements were present: (1) the appellant had participated in the district court proceedings even though not a party, and (2) the equities of the case weighed in favor of hearing the appeal. *See, e.g., Brown v. Board of Bar Examiners of State of Nevada,* 623 F.2d 605, 608 (9th Cir. 1980); *Petrol Stops Northwest v. United States,* 571 F.2d 1127, 1128–29 (9th Cir. 1978), *rev'd on other grounds sub nom. Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *West v. Radio-Keith-Orpheum Corp.,* 70 F.2d 621, 624 (2d Cir. 1934).[2]

■ The Confortes' case presents no reason for deviation from the general rule. They made no effort to appear before the district court; rather, upon learning of the ex parte disclosure proceeding, they immediately brought an appeal to this court. This appeal was not their only means of redress. Indeed, it was not their best means. They might have sought to intervene in the district court under *Fed.R. Civ.P.* 24(c) to request reconsideration of the disclosure order. Denial of such a motion would have been appealable. On the other hand, had the motion been granted, the Confortes would have become parties, litigated their interests in the district court, made the showings required for consideration of their claims and, in short, satisfied the necessary predicate to appearance in this court.

Finally, we note that sustaining this appeal would not be in the interest of judicial economy or efficiency. Witnesses before grand juries who wish to protect the secrecy of the proceedings must present their arguments to the district court in order to afford that court an opportunity to consider whether protection is merited and to avoid error. This procedure will best conserve the increasingly limited resources of the appellate courts.

In sum, we find that, because the Confortes made no attempt to present their claims to the district court, they do not have standing to bring this appeal. Therefore, it is not properly before us. Accordingly, it is DISMISSED.

---

the right of a person to bring an appeal, as distinct from his right to bring suit in federal court at all.

**2.** In *Brown,* the district court dismissed the Board from the suit as an improper party. In the same order, the district court imposed an injunction that was directed at the Board. This court found that the Board had standing to bring the appeal because it had participated in the suit and because its only other avenue of appeal would be via contempt proceedings. In *Petrol Stops,* a district court ordered disclosure of materials before a grand jury in its district to a private plaintiff litigating in another district. Douglas Oil, the target of the grand jury investigation and the defendant in the private suit, participated in the disclosure proceeding as the real party in interest at the government's request. Petrol Stops, the private plaintiff, was using the disclosure proceeding as an alternative to normal discovery procedures. It thereby avoided the predictable reluctance of the discovery court to order discovery of materials before a grand jury in another district. This court noted that Douglas Oil could certainly have appealed a normal discovery order, and held that, in these circumstances, Douglas Oil had standing to appeal. Finally, in *West,* a nonparty was allowed to appeal after having been compelled to participate in the district court proceedings "in in invitum."