U.S. ECOLOGY, INC., a California corporation, Plaintiff,

v.

The STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES, an agency within the meaning of Chapter 233B, Nevada Revised Statutes; State Board of Health, an agency within the meaning of Chapter 233B, Nevada Revised Statutes; and Brian McKay, Attorney General of Nevada, Defendants.

No. CV–R–82–357–ECR.

United States District Court,
D. Nevada.

Feb. 22, 1983.

Vargas & Bartlett, Reno, Nev. and Latham & Watkins, Los Angeles, Cal., for plaintiff.

D. Brian McKay, Atty. Gen. of Nev., Carson City, Nev., for all defendants except State Bd. of Health.

Leonard I. Gang, Las Vegas, Nev., for defendant State Bd. of Health.

## ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have made a written motion to dismiss on the ground that the issues the plaintiff seeks to raise in this forum are not ripe for review. It is contended that the existence of a case or controversy won't be determinable until a Nevada State Court has acted in a pending case among the same parties. In the alternative, the defendants' motion asks for entry of an abstention order which would stay any further proceedings in this federal court until the State Court has acted. During the hearing on the motion, which was held January 11, 1983, the defendants also argued that only the State Attorney General was properly before the Court as a defendant, in that the action against the two governmental agency defendants is barred by the Eleventh Amendment. The same affirmative defense was raised in the defendants' answer to the plaintiff's complaint.

The Eleventh Amendment defense amounts to a jurisdictional bar, therefore it may be considered at any time. *Jackson v. Hayakawa*, 682 F.2d 1344, n. 5 (9th Cir. 1982). Under the Amendment, a state may not be sued as a party defendant without its consent. *Washoe Tribe of Nevada &* *Cal. v. Greenley*, 674 F.2d 816, 818 (9th Cir.1982). Nevada has explicitly refused to waive its immunity to suit in federal court. NRS 41.031(3); *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir.1982). Not only is the State immune from such suits, but so also are its agencies. *Ibid; Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978). It does not matter what type of relief is sought. *Harris v. Arizona Bd. of Regents*, 528 F.Supp. 987, 995 (D.Ariz.1981).

Nevertheless, suits for declaratory and injunctive relief (such as the instant action) against state officers in their official capacities are not barred by the Amendment. *Ibid.; Jackson v. Hayakawa*, *supra* at 1350. The result is that a state and its agencies are free to carry out its functions without being subjected to suit; however, the same immunity is not extended to state officers who carry out their official duties in violation of the U.S. Constitution. *V.O. Motors v. California St. Bd. of Equalization*, 691 F.2d 871, 872 (9th Cir. 1982); *Washoe Tribe of Nevada & Cal. v. Greenley, supra* at 818. The state officer named as a defendant must have an obligation to enforce the state law of which the plaintiff complains. *N.A.A.C.P. v. State of Cal.*, 511 F.Supp. 1244, 1255 (E.D.Cal.1981). The Attorney General of Nevada is charged with the duty of enforcing the State's laws controlling radiation hazards. NRS 459.270.

The plaintiff argues that the State of Nevada has surrendered its immunity by seeking and obtaining permission to operate in a sphere of authority subject to the power of the federal government. Such a loss of immunity has been judicially recognized. *See Parden v. Terminal Ry. Co.*, 377 U.S. 184, 196, 84 S.Ct. 1207, 1215, 12 L.Ed.2d 233 (1964); *Chesapeake Bay Bridge and Tunnel Dist. v. Lauritzen*, 404 F.2d 1001, 1003–4 (4th Cir.1968); *State of Oregon v. Tug Go-Getter*, 299 F.Supp. 269, 273 (D.Ore.1969), *rev'd and mod. on oth. gds.* 468 F.2d 1270 (9th Cir.1972). These cases all appear to have involved activities of the state in what may be categorized as profit-making proprietary functions, as contrasted with non-

profit sovereign functions. Immunity is not lost when the activity is of a nonprofit nature. *Riggle v. State of Cal.,* 577 F.2d 579, n. 5 (9th Cir.1978); *Employees v. Missouri Public Health Dept.,* 411 U.S. 279, 284, 93 S.Ct. 1614, 1617–18, 36 L.Ed.2d 251 (1973); *Williamson Towing Co. v. State of Ill.,* 534 F.2d 758, n. 3 (7th Cir.1976).

■ Nevada's control of radiation hazards within the State is a nonprofit sovereign function. Although it involves a sphere of authority subject to Congressional regulation, it does not cause a surrender of Eleventh Amendment immunity. Therefore, this action must be dismissed as against The State of Nevada, Department of Human Resources and State Board of Health. Nevertheless, the Court will consider any motion made by the plaintiff to add appropriate State officers as party defendants.

The issue of whether the doctrine of abstention is applicable calls for a brief statement of the history and status of the litigation between the parties. The plaintiff has been operating a low-level radioactive waste disposal site near Beatty, Nevada, for more than twenty years. Originally it was licensed by the Atomic Energy Commission. In 1972, however, the State of Nevada entered into an agreement with the Commission whereunder the State assumed authority for the control of radiation hazards within the State. Since that time the State has inspected the plaintiff's operations and licensed it to continue operating the disposal site.

In 1980 the State denied the plaintiff's application for renewal of its license. The ground given for denial was the need to protect the health and safety of the citizens of Nevada from an uncontrollable system of improper packaging and transportation of the radioactive waste into Nevada. No defects in the disposal site itself nor the plaintiff's operation of it were cited.

The plaintiff pursued an administrative appeal to the State Board of Health. After a hearing and the taking of evidence, the Board voted five to one to reverse the denial of the plaintiff's application. The Board,

in December 1980, directed the State Department of Human Resources to issue the license. That Department, however, petitioned a Nevada District Court to review the Board of Health's decision. The Court, in April 1982, reversed the Board's decision, primarily on the ground that its Findings of Fact and Conclusions of Law were legally inadequate to permit proper judicial review because of failure to articulate the underlying facts supporting the decision. The Court remanded the case to the Board of Health to review the record, without the need for a new hearing, and render a new decision.

By then the Board of Health had four new members. It reconsidered the record of the 1980 proceedings before the Board. On August 27, 1982, it voted five to two to reverse its earlier decision, and sustained the denial of the plaintiff's application for license renewal. Two months later, the Board adopted Findings of Fact and Conclusions of Law that supported the denial on the grounds of improper packaging and handling of the radioactive waste and failure of transporters of the waste to comply with federal regulations, all of which it was concluded increased the risk to the safety and health of Nevadans. On October 29, 1982, the plaintiff petitioned a Nevada District Court to review the Board's new decision. That case is still pending. On November 1, 1982, the complaint was filed herein, alleging essentially that the State's conduct was unconstitutional as applied to the plaintiff because it violated the Supremacy and Commerce clauses of the U.S. Constitution.

The disposal site has remained open continuously, originally by reason of the provisions of State law and now by stipulation of the parties that it may remain open for fifteen days after the State Court rules on the plaintiff's motion to stay the closure of the Beatty disposal site.

The plaintiff has represented to the Court that it has not raised the federal constitutional issues in the State Court action, and does not intend to litigate those issues there. According to the plaintiff, the issues

in the State action are the legality of the State Court's reversal of the Board of Health's original decision, whether there was an unlawful shifting of the burden of proof during the administrative proceedings, and whether the State Board acted beyond the scope of its authority the second time around.

The case of *People of State of Ill. v. General Elec. Co.*, 683 F.2d 206 (7th Cir. 1982) is quite instructive. It notes that the unconstitutionality of the State's conduct as applied to the complainant may be raised as a defense to the State's lawsuit, in state court, to enforce its laws. However, the opinion points out, at page 211: "The commerce and supremacy clauses of the Constitution create rights enforceable in equity proceedings in federal court." It states that the federal claimants cannot always be forced to litigate their constitutional claims as defenses in state court. *Ibid.; see also England v. Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964). Put another way, separate claims for relief may be adjudicated separately. *Hardy v. Leonard*, 377 F.Supp. 831, 839 (N.D.Cal.1974).

The defendants herein have urged that this is a proper case for application of the *Pullman* abstention doctrine. The elements that must be satisfied are set forth in *Canton v. Spokane School District # 81*, 498 F.2d 840 (9th Cir.1974), at 845:

"(1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open. (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy. (3) The possibly determinative issue of state law is doubtful."

As to the first element, the protection of the health and safety of Nevadans from the hazards of radioactivity is clearly a sensitive area of social policy.

■ The second element arises from the basic premise that a federal court may postpone the exercise of its jurisdiction in cases presenting a federal constitutional issue which might be mooted by a state court determination of pertinent state law. *Knudsen Corp. v. Nevada State Dairy Comm'n.*, 676 F.2d 374, 377 (9th Cir.1982); *Shamrock Development Co. v. City of Concord*, 656 F.2d 1380, 1385 (9th Cir.1981); *Allegheny County v. Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). If The Nevada District Court should decide the case before it in favor of the plaintiff herein, i.e., by ruling that it is entitled to have its license renewed, there would be no need to decide the federal constitutional issues.

The third element is satisfied by the lack of Nevada Supreme Court precedent as to the parameters of the State's authority under Chapter 459 of Nevada Revised Statutes, which deals with nuclear matters, and as to the effect of the change in members of the State Board of Health between its original decision approving the license application and its later decision disapproving of the same. The State law is uncertain. *See L.H. v. Jamieson*, 643 F.2d 1351, 1355 (9th Cir.1981).

Since the requirements for *Pullman* abstention have been met, the Court sees no need to decide whether *Younger* abstention, *Burford* abstention or the wise judicial administration exception to the exercise of jurisdiction might also be applicable. *See Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813 (9th Cir.1982).

■ The Court feels that a stay of the federal court proceedings is proper. *See Id.* at 819. It recognizes its obligation to exercise the jurisdiction given it by Congress, but is persuaded that a brief postponement of such exercise is called for by both comity and federalism.

IT IS, THEREFORE, HEREBY ORDERED that the action be dismissed as against defendants State of Nevada, Department of Human Resources and State Board of Health, without prejudice, however, to the right of the plaintiff to move to add appropriate State officers as parties defendant.

IT IS FURTHER ORDERED that all proceedings herein, other than any in connection with such a motion to add new parties defendant, be stayed until the First Judicial District Court of the State of Nevada has decided the plaintiff's petition for judicial review of the Findings of Fact, Conclusions of Law and Order of the State Board of Health issued October 27, 1982, which case is pending before said Court.