924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Zelma PIERCE, Executrix of the Estate of Albert Baker,
Plaintiff-Appellee,
v.
Oma BAKER, et al, Defendants-Appellees,
John V. Jones and Iva M. Jones, Appellants.
 No. 90-5357.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity case John V. and Iva Jones appeal the judgment of the district court ordering the public sale of their interest in certain real property in this diversity action. For the following reasons, we reverse.
 
 I.
 
 2
 This case is before this court for the third time. The facts and procedural history of this case are somewhat lengthy, but they are essential for a clear understanding of this appeal.[1] Albert Baker died testate in Madison County, Kentucky, on November 29, 1972. Albert's daughter, Zelma Pierce,[2] was appointed executrix of his estate. Albert's will gave the executrix power to sell real property included in the probate estate except for the homeplace.
 
 
 3
 On November 6, 1974, Zelma Pierce filed the present action in the district court in her capacity as executrix of the Estate of Albert Baker seeking an order of sale of all the real property in the estate. The complaint identified eight tracts of land in the estate, the homeplace being described as tracts one and two.[3] Named as defendants were Albert's widow, Oma Baker, and his heirs, excluding his son, Homer Baker, who purportedly conveyed all his interest in the real estate to two of his sisters.
 
 
 4
 On July 26-27, 1979, the case was referred to a magistrate who subsequently issued a report and recommendation that the property be sold after a determination of its divisibility. The district judge adopted the magistrate's report and recommendation, and on February 24, 1981, a hearing was held to determine the divisibility of the property and to develop a plan of sale. At this hearing the parties stipulated that the property could not be divided without materially impairing its value. At that time, counsel for plaintiff Zelma Pierce revealed to the court that she had sold tracts 3-8 of the property in the estate to her brother, Homer Baker, and his wife and to John V. and Iva Jones by deed dated June 15, 1979.
 
 
 5
 On March 12, 1981, Pierce filed a pleading entitled "Withdrawal of Portion of Complaint," stating that she was withdrawing that portion of her complaint which requested the court to sell the property described in the complaint as tracts 3-8. Several defendant heirs filed an objection to Pierce's pleading and moved to have the deed from Pierce to the Bakers and Joneses declared null and void.
 
 
 6
 Following a further hearing, the magistrate recommended that Pierce's pleading be treated as a motion to amend the complaint or as a motion to dismiss, and that in either case, the motion be denied. The magistrate also recommended invalidating the deed from Pierce to the Bakers and the Joneses, and he further recommended that defendant Oma Baker be permitted to file a third-party complaint against the Bakers and the Joneses.
 
 
 7
 On August 15, 1983, Homer Baker and John Jones entered a special appearance for the purpose of objecting to the magistrate's report and recommendation. Baker and Jones argued in the special objection that the portion of the magistrate's report and recommendation regarding them should be stricken because they were not parties to the action. The district court referred the matter to the magistrate for reconsideration in light of the special objection. The magistrate adhered to his original recommendation, concluding that the special objection contained no grounds for modification. The magistrate indicated that the concerns expressed by Baker and Jones were the reasons that he recommended a third-party complaint be filed.
 
 
 8
 On October 5, 1983, the district court entered an order adopting the magistrate's report and recommendation, and declared the deed from Pierce to the Bakers and the Joneses null and void. On that same day defendant Oma Baker filed a third-party complaint against Homer and Lottie Ruth Baker and John and Iva Jones. After the district court denied their motion to alter, amend or vacate its October 5, 1983, order, the Bakers and the Joneses appealed to this court.
 
 
 9
 On appeal, we reversed the decision of the district court, holding that a breach of fiduciary duty by Pierce would not invalidate the transfer of property to the Bakers and the Joneses if the grantees were bona fide purchasers without knowledge of the breach of duty. Baker v. Pierce, No. 85-5700 (6th Cir. January 27, 1987) (unpublished opinion). Accordingly, we remanded the case to the district court for a determination as to whether the Bakers and the Joneses were bona fide purchasers without notice of any impairment of the power of sale, or whether they had actual or constructive notice that the property was the subject of litigation.
 
 
 10
 In the course of our opinion, we noted that the district court erred by allowing the defendant heirs to file a third-party complaint against the Bakers and the Joneses because a third-party complaint is permitted under Federal Rule of Civil Procedure 14(a) only when the third-party defendant's liability is derivative or secondary. However, we stated that the Bakers and the Joneses could properly have been joined as defendants under Federal Rule of Civil Procedure 19, joinder of persons needed for a just adjudication. Therefore, in order to permit the appeal, we construed the third-party complaint as a cross-claim.
 
 
 11
 On remand, the district court determined that at the time Homer Baker purchased the property he had actual knowledge that the property was the subject of litigation. Therefore, the district court set aside the sale of the one-half undivided interest in tracts 3-8 to Baker and wife. On the other hand, the court held that the sale of the one-half undivided interest in tracts 3-8 to John Jones and wife was valid because the Joneses had no knowledge of any impairment to the title. In an order entered on December 10, 1987, the district court granted third-party defendants' motion for dismissal of the action against John and Iva M. Jones, but denied the motion as to Homer and Lottie Ruth Baker. The district court also ordered that an undivided one-half interest in tracts 3-8 be sold at public auction with the proceeds to be distributed to Albert Baker's widow and his heirs.
 
 
 12
 Homer and Lottie Ruth Baker appealed the judgment and order, and we affirmed the district court's decision. Pierce v. Baker, No. 88-5151 (6th Cir. Dec. 28, 1988) (unpublished opinion). The defendant heirs did not appeal the district court's decision upholding the sale of the one-half interest in the property to the Joneses, and no one appealed the dismissal of the third-party action against the Joneses.
 
 
 13
 On October 24, 1989, the district court entered an order for the parties to show cause why the case should not be dismissed. On November 3, 1989, defendant Oma Baker filed a response to the show cause order and also filed a motion for judgment and order of sale. On November 27, 1989, the district court granted the motion and entered a judgment and order that tracts 3-8 be sold at public auction. The judgment and order described the respective interests of the parties in the real estate, and it stated that John Jones had a forty-eight-ninety-sixth ( 48/96) interest and that Iva Jones had a dower in a forty-eight-ninety-sixth ( 48/96) interest.
 
 
 14
 On December 5, 1989, the Joneses filed a motion to alter, amend, vacate, and/or correct the judgment and order of sale. The Joneses requested that the judgment and order be modified to exclude their interest in tracts 3-8 from being sold at the public auction. The Joneses also asserted that no evidence had been taken showing that the property could not be divided without materially impairing its value. Following a hearing, the district court entered an order on February 20, 1990, denying the Joneses' motion. This appeal followed.
 
 
 15
 The principal issue on appeal is whether the district court erred by including the Joneses' interest in tracts 3-8 in the judgment and order of sale.
 
 II.
 A.
 
 16
 The Joneses argue that the district court erred by ordering the sale of their interest in tracts 3-8 since the court had previously dismissed them from this action on December 10, 1987. The Joneses contend that because they were not parties to the action on November 27, 1989, the court could not order the sale of their interest in the property. See Carpenter v. Moorelock, 151 Ky. 506, ---, 152 S.W. 575, 577 (1913) ("Persons who own title to land cannot be divested of it in a judicial proceeding to which they are not parties."). In other words, the Joneses assert that the district court lacked jurisdiction over them to order the sale of their interest in the property. The Joneses also contend that they were not parties to the action when the deposition of plaintiff Zelma Pierce, taken in 1976, purportedly established that the property could not be divided without materially impairing its value.
 
 
 17
 Defendant-appellee Oma Baker responds by arguing that if the Joneses were not parties to the action at the time the district court entered its judgment and order of sale on November 27, 1989, then they do not have the "capacity" to bring the present appeal. Baker also asserts that the Joneses cannot raise the issue of their capacity as non-parties because they did not present this argument to the district court. Alternatively, Baker contends that if the Joneses were parties to the action, then there is no basis for the present appeal, and the district court's judgment and order of sale should be affirmed.
 
 
 18
 Baker also argues that the district court's November 27, 1989, judgment and order of sale only amended the December 10, 1987, order to require sale of the entire property as requested in the complaint. Baker contends that pursuant to Federal Rule of Civil Procedure 54, the December 10, 1987, order was non-final and remained subject to revision prior to entry of judgment adjudicating all claims of all parties.
 
 
 19
 Plaintiff-appellee Zelma Pierce apparently concedes that the Joneses were dismissed as parties[4] by the December 10, 1987, order, but she argues that the district court correctly "reinstated" the Joneses and ordered the sale of the entire property to prevent prejudice to the heirs of Albert Baker from diminution in the value of the divided property. Pierce asserts that the Joneses' argument is merely a technical objection which, if remedied by a remand to make the Joneses parties to the action, would simply result in another order to sell the entire property. Pierce contends that the Joneses were parties to the action when the district court determined in an October 3, 1985, order that dividing the property would materially diminish its value.[5] Pierce also asserts that because the Joneses failed to assert in their pleadings that the property was divisible, Kentucky Revised Statutes Annotated Sec. 389A.030(3) provides that indivisibility shall be presumed.[6] Therefore, Pierce argues that the district court's judgment and order of sale should be affirmed.
 
 B.
 
 20
 The present case is a procedural puzzle. We begin by determining whether the Joneses were parties to the action when the district court entered its judgment and order of sale on November 27, 1989. Appellees concede in their briefs that the Joneses were not parties to the action. See Brief for Appellee Oma Baker at 5; Brief for Appellee Zelma Pierce Reidling at 3. Our review of the record suggests that the Joneses were not parties to the action because they had been dismissed by the district court's order of December 10, 1987.
 
 
 21
 "The general rule is well settled: persons who were not parties of record before the district court may not appeal that court's order or judgment except in extraordinary circumstances." United States v. Conforte (In re Proceedings Before Fed. Grand Jury), 643 F.2d 641, 643 (9th Cir.1981). Courts take a case-by-case approach to deciding whether a nonparty may appeal, and two elements have been present in almost every case where such an appeal was allowed to proceed: "(1) the appellant had participated in the district court proceedings even though not a party, and (2) the equities of the case weighed in favor of hearing the appeal." Id. These two elements are present in this case, and they warrant permitting the Joneses to bring this appeal.
 
 
 22
 Allowing the Joneses to proceed with this appeal is consistent with our ruling in a prior appeal that the Joneses "could properly have been joined as defendants in this matter under Fed.R.Civ.P. 19." In the prior appeal we construed the third-party complaint against the Joneses and the Bakers as a cross-claim, implicitly treating them as defendants. However, upon remand, the district court dismissed the Joneses from the action.
 
 
 23
 Although the Joneses arguably should have sought to intervene pursuant to Federal Rule of Civil Procedure 24 when the district court ordered the sale of their interest in the property, their failure to do so is not fatal to this appeal. Some courts "have been lenient in hearing the appeals of parties who have failed to fulfill the provisions of Rule 24(c)." International Marine Towing, Inc. v. Southern Leasing Partners, 722 F.2d 126, 129 (5th Cir.1983), cert. denied, 469 U.S. 821 (1984). The Joneses' motion to alter, amend or vacate the judgment and order of sale could be construed to be a motion to intervene. See Farina v. Mission Inv. Trust, 615 F.2d 1068, 1075 (5th Cir.1980) (district court had discretion to treat motion to remove as motion to intervene). Moreover, by allowing the Joneses to file the motion to alter, amend or vacate, the district court implicitly authorized intervention. Smith v. National Provisioner In re Beef Industry Antitrust Litigation), 589 F.2d 786, 789 (5th Cir.1979) (intervention implicitly authorized where district court allowed nonparty to file a motion for clarification or modification of a protective order).
 
 
 24
 Accordingly, we conclude that the Joneses may prosecute the present appeal, and we turn to the merits of their claim. The Joneses assert that the judgment and order of sale should be reversed because the district court could not order the sale of their interest in the property since they were not parties to the action. In the context of actions to partition land, the Kentucky courts have held, "All persons having interests must be made parties, so they are bound." Atkinson v. Kish, 420 S.W.2d 104, 110 (Ky.1967). In Kentucky a judgment of partition is invalid unless the court has jurisdiction of all the necessary parties. Whittaker v. Combs, 253 S.W.2d 400, 401 (Ky.1952); Bates v. Hanks, 262 Ky. 556, 90 S.W.2d 743, 745 (1936). These principles seem equally applicable to the present action for sale of jointly owned land.
 
 
 25
 The Joneses, as owners of an undivided one-half interest in tracts 3-8, were necessary parties to the action seeking public sale of the property. See Atkinson, 420 S.W.2d at 110. Although the Joneses were third-party defendants at one point in this case, they were subsequently dismissed from the action by the district court on December 10, 1987. Because the Joneses were not parties to the action on November 27, 1989, the judgment and order of sale entered on that date is void. See Whittaker, 253 S.W.2d at 401; Bates, 90 S.W.2d at 745.
 
 
 26
 Accordingly, we reverse the district court's judgment and order of sale, and remand the case for further proceedings. We direct the district court on remand to enter an order of intervention nunc pro tunc, making the Joneses parties to the action without requiring further pleadings. See Roach v. Churchman, 457 F.2d 1101, 1104 (8th Cir.1972). We also direct the district court on remand to permit the Joneses to present proof on the issue of the divisibility of the property. However, we are not implying that the district court cannot order the sale of the property in question. If the district court finds from the Joneses' proof that the property is divisible, then only one-half is to be sold. Otherwise the entire property in question can be sold, and the Joneses can protect their interests by bidding at the public sale.
 
 III.
 
 27
 The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The facts and procedural history are taken from decisions of this court on prior appeals
 
 
 [2]
 Now, Zelma Pierce Reidling
 
 
 [3]
 The two tracts described as the homeplace were sold pursuant to a judgment and order of sale entered on October 3, 1985, and the sale is not at issue in this appeal
 
 
 [4]
 Pierce states that although the Joneses were dismissed as parties, their attorney, who also represented Homer and Lottie Ruth Baker, "continued representing the Joneses and filed this appeal as though they were still parties to the proceeding." Brief for Appellee Zelma Pierce Reidling at 3
 
 
 [5]
 This order was entered while the first appeal by the Bakers and the Joneses was pending before this court. Because the district court had invalidated the deed from Pierce to the Bakers and the Joneses, they had no interest in the property to protect at the time the order was entered
 
 
 [6]
 Section 389A.030 became effective July 15, 1980. Therefore, it is not applicable to this action filed on November 6, 1974