46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clara HAMILTON, individually & as Special Administratrix of
the Estate of Keith Hamilton; Plaintiff-Appellee,
v.
COUNTY OF LOS ANGELES; Paul McCready; Kelly Enos; David
Hogan, Defendants
and
Lee Maxie, Intervenor-Appellant.
 No. 94-55923.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Maxie appeals the district court's denial of his motion to intervene in a 42 U.S.C. Sec. 1983 wrongful death action brought by Clara Hamilton, on behalf of her deceased son Keith Hamilton. Maxie also appeals the district court's dismissal of Hamilton's action pursuant to Fed. R. Civ. P. 41(a). In the alternative, Maxie request that we construe his appeal as a petition for writ of mandamus.[1]
 
 
 3
 Maxie's appeal of the district court's denial of his motion to intervene is moot because the underlying action has been dismissed. See United States v. Ford, 650 F.2d 1141, 1143 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982).
 
 
 4
 To the extent Maxie appeals the district court's dismissal of Hamilton's 42 U.S.C. Sec. 1983 action, he lacks standing. Generally, one who was not a party of record below does not have standing to appeal the lower court's judgment. Washoe Tribe of Nev. and Cal. v. Greenley, 674 F.2d 816, 818 (9th Cir. 1982). Non-parties may be allowed to proceed with their appeals, however, where: (1) they participated in the district court proceedings; and (2) the equities of the case weigh in favor of hearing their appeal. Id. Here, Maxie fails to meet the requirements for non-party standing. See id.
 
 
 5
 To the extent Maxie requests that we construe his appeal as a petition for writ of mandamus, he has failed to demonstrate that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. See Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir. 1977). Accordingly, we decline to construe Maxie's appeal as a petition for writ of mandamus. See Lee v. City of Beaumont, 12 F.3d 933, 938 (9th Cir. 1993).
 
 
 6
 Because Maxie's appeal from the district court's denial of his motion to intervene is moot and he lacks standing to appeal the district court's dismissal of Hamilton's action, we dismiss his appeal.[2]
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant's and appellees' requests for judicial notice are denied
 
 
 [2]
 Maxie's motion for a limited remand is denied. Appellees' request for sanctions is also denied