# IN THE COURT OF APPEALS OF IOWA

No. 20-1320
Filed October 6, 2021

**JAY DRIESEN, Substitute Petitioner for CINDY DAVIS,**
    Plaintiff-Appellant,

**vs.**

**KATHERINE KERR-DAVIS,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Washington County, Crystal S.

Cronk, Judge.


        Cindy Davis appeals the order dismissing a petition for relief from elder

abuse.  **AFFIRMED.**


        Cindy Davis, Ottumwa, self-represented appellant.

        Steven E. Ort of Bell, Ort & Leichty, New London, for appellee.



        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

In what rings as a custody dispute between women who helped raise this adult ward, this case began with a petition for relief from elder abuse filed by Jay Dreisen as substitute petitioner for Cindy Davis.[1]  In the petition filed by Dreisen, he alleged that Katherine Kerr-Davis, court-appointed guardian of Cindy's adult son and the widow of Cindy's ex-husband, is causing Cindy "harm and unbearable grief" by preventing Cindy from visiting the ward.[2]  The district court dismissed the petition on Katherine's motion, finding in part that Cindy is not a vulnerable elder and Dreisen does not qualify as a substitute petitioner.  Cindy appeals.

## I. Jurisdiction.

At the outset, we must address Katherine's motion to dismiss the appeal for lack of jurisdiction, which the Iowa Supreme Court ordered submitted with this appeal.  *See Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016) ("We consider challenges to our jurisdiction before other issues in a case."); *see also In re M.W.*, 894 N.W.2d 526, 529 (Iowa 2017) ("Our first duty is to determine whether we have jurisdiction to consider and decide the appeal on its merits.").  This court's jurisdiction "is limited to those matters for which an appeal or review proceeding properly has been brought before the supreme court, and for which the supreme court . . . has entered an order transferring the matter to the court of appeals."

---

[1] At the time of the hearing on the motion to dismiss, Cindy testified she was sixty-eight years old.  Dreisen was not a licensed attorney.  He described himself as an "elder advocate" for Cindy.

[2] Although Katherine disputes this characterization, claiming that Cindy's son does not wish to visit her, we must accept the factual allegations in the petition as true in ruling on a motion to dismiss.  *See Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020).

Iowa Code § 602.5103(3) (2020).  Because appellate jurisdiction is conferred by statute, any failure to comply with the statutory requirements for perfecting appeal deprives us of jurisdiction.  *See Hampton v. Des Moines & C.I. Ry. Co.*, 249 N.W. 436, 437 (Iowa 1933); *accord Schrier v. State*, 573 N.W.2d 242, 244–45 (Iowa 1997) (stating the court cannot hear a particular appeal "where a party fails to follow the statutory procedures for invoking the court's authority").

Katherine claims we lack jurisdiction to hear this appeal because Cindy filed the notice of appeal instead of Dreisen, who petitioned the district court as substitute petitioner.  "It is a well-established rule in this and other jurisdictions that an appeal will not lie at the instance of one who is not a party to the order, judgment, or decree from which the appeal is taken.  'A stranger to the record' cannot appeal." *Chicago, B. & Q.R. Co. v. Bd. of Supervisors*, 221 N.W. 223, 225 (Iowa 1928) (citation omitted).  But Cindy is not a stranger to the record.  Here, she is the focus of the record.

Ordinarily, actions "must be prosecuted in the name of the real party in interest."  Iowa R. Civ. P. 1.201.  This rule aims to protect a defendant against a subsequent lawsuit from the party who is legally entitled to recover.  *See Kimmel v. Iowa Realty Co.*, 339 N.W.2d 374, 379–80 (Iowa 1983).  There is an exception, however, for certain categories of actors: one who acts in a representative capacity ("an executor, administrator, conservator, guardian, [or] trustee of an express trust"), "a party with whom or in whose name a contract is made for another's benefit," or "a party specially authorized by statute."  Iowa R. Civ. P. 1.201.  A person falling into one of these categories "may sue in that person's own name without joining the party for whose benefit the action is prosecuted." *Id.*  In enacting

chapter 235F to protect vulnerable elders from abuse, the Iowa legislature provided that special authorization by designating two categories of persons who may petition for protection from elder abuse: a vulnerable elder (the real party in interest) *or* a substitute petitioner.[3] *See* Iowa Code § 235F.2(1). Thus, Dreisen, who falls under the exception to the rule requiring that an action be prosecuted by a real party in interest, filed the petition in his own name as substitute petitioner for Cindy, the real party in interest. But Cindy retained certain rights under chapter 235F, including the right to retain counsel, file objections to any protective order the court issues, request a hearing on the petition, and present evidence and cross-examine witnesses at the hearing. *See id.* § 235F.2(5). Both Cindy and Dreisen were listed as petitioners on the district court docket sheet, and each was assigned a unique litigant PIN. And our supreme court has noted the real party in interest rule "should not be applied in a hypertechnical fashion." *Zimmerman v. Kile*, 410 N.W.2d 262, 265 (Iowa 1987).

Federal courts have recognized an exception to the corresponding federal rule that only properly named parties or those who intervene or attain party status may appeal. *See, e.g.*, *Curtis v. City of Des Moines*, 995 F.2d 125, 128 (8th Cir. 1993). An appeal may be taken in federal court by nonparties who (1) have "an interest in the cause litigated" and (2) "participated in the proceedings actively enough to make [them] privy to the record." *Id.*; *accord In re Rose*, 86 F.2d 69, 71 (9th Cir. 1936) ("[W]here a person had been treated as a party in the trial court,

---

[3] "'Substitute petitioner' means a family or household member, guardian, conservator, attorney in fact, or guardian ad litem for a vulnerable elder, or other interested person who files a petition under this chapter." Iowa Code § 235F.1(5).

[that person] may be allowed to appeal."); *see also Pierce v. Baker*, No. 90-5357, 1991 WL 9977, at *4 (6th Cir. Jan. 31, 1991) (recognizing that federal courts have allowed an appeal by a nonparty where "(1) the appellant had participated in the district court proceedings even though not a party, and (2) the equities of the case weighed in favor of hearing the appeal" (quoting *In re Proc. Before Fed. Grand Jury*, 643 F.2d 641, 643 (9th Cir. 1981)). State courts have likewise adopted similar exceptions for nonparty appeals. *See, e.g.*, *Federated Mut. Ins. Co. v. McNeal*, 943 So. 2d 658, 663 (Miss. 2006) (adopting the federal exception while acknowledging the better practice is to intervene); *In re Beach Props., Inc.*, 133 A.3d 854, 859 (Vt. 2015) (finding nonparty appellant satisfied requirements to be considered a de facto party because she actively participated in the proceeding below and "had a strong, personal stake in the outcome"). And our own supreme court has recognized an exception to "the general rule that only a party to the action below may seek a writ of certiorari challenging the action of an inferior tribunal." *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682–83 (Iowa 2014). In doing so, it found "support in analogous federal cases relating to the standing to bring appeals." *Id.* at 684–85.

Although Driesen petitioned the district court in his own name, he did so on Cindy's behalf. As the party in interest, our legislature has granted Cindy certain rights to participate in the proceeding. She appeared at the hearing on the motion to dismiss the action and filed a timely notice of appeal from the order granting dismissal. And she has an interest in the proceedings as an aggrieved party given the district court's holding that she is not a "vulnerable elder" under chapter 235F.

Concluding we have jurisdiction to proceed to the merits on the specific facts before us, we deny Katherine's motion to dismiss the appeal.

**II. Merits.**

Turning to the merits of the appeal, Cindy disputes the finding that she is not a vulnerable elder. Iowa Code section 235F.1(17) defines "vulnerable elder" as "a person sixty years of age or older who is unable to protect himself or herself from elder abuse as a result of a mental or physical condition or because of a personal circumstance which results in an increased risk of harm to the person." Age alone cannot establish a person is a vulnerable elder. *See Struve v. Struve*, 930 N.W.2d 368, 372 (Iowa 2019). For age to qualify one as a vulnerable elder, it must render one unable to protect oneself from elder abuse. *See In re Chapman*, 890 N.W.2d 853, 858 (Iowa 2017).

Although Cindy meets the threshold age required for one to be a vulnerable elder, she does not claim she cannot protect herself *because of* her age. Instead, she claims she is vulnerable because she cannot secure legal representation. This does not meet the definition. Even if Cindy had alleged her age renders her unable to protect herself, Iowa Code section 235F.1(5) sets out four categories of elder abuse: (1) physical injury, unreasonable confinement or punishment, or assault, (2) sexual offenses, (3) neglect, or (4) financial exploitation. The harm Cindy claims she cannot protect herself from—emotional harm caused by being unable to visit her son—does not fall within one of these categories.[4]

---

[4] Katherine argues Iowa Code section 633.635(2)(i) offered Cindy a path to establishing contact with the ward. The record confirms that Cindy followed that path but was denied contact with the ward by the probate court in guardianship proceedings.

The relationship between Cindy and Katherine also falls outside the parameters of chapter 235F. To commit elder abuse, one must be a caretaker or "in a position of trust or confidence with the vulnerable elder." *See Chapman*, 890 N.W.2d at 854. To stand in a position of trust or confidence, one must be "a parent, spouse, adult child, or other relative," "a caretaker for the vulnerable elder," or "a person who is in confidential relationship with the vulnerable elder." Iowa Code § 235F.1(14). As the district court found, Katherine does not fall within the categories of persons from which the statute aims to protect vulnerable elders.

Because Cindy does not meet the requirements of a vulnerable elder under chapter 235F, the petition does not show a right of recovery under any state of facts.[5] We therefore affirm its dismissal. *See Benskin*, 952 N.W.2d at 298.

**AFFIRMED.**

---

[5] Because we affirm on the failure to prove elder abuse, we do not have to address Driesen's claimed status as an "other interested party" under Iowa Code section 235F.1(15).